THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MELVIN C. McINTOSH, Plaintiff in Error.

*Opinion filed December 22, 1909.*

1. CRIMINAL LAW—*venue in forgery need not be proved beyond a reasonable doubt.* The venue in a forgery case is a jurisdictional fact which the People are required to prove but is not an element of the crime to be proved beyond a reasonable doubt, and it is sufficiently proved if there is evidence from which it can reasonably be inferred that the crime was committed within the jurisdiction where the prosecution is had.

2. FORGERY—*when place of delivery of forged note may be inferred to be the place of forgery.* The delivery of a forged note justifies an inference that it was forged at the place of delivery, if there is no evidence tending to show it was forged elsewhere.

3. SAME—*what tends to show that note was forged where trial is had.* In a prosecution for forging a promissory note, proof that the defendant had an office in the county where the prosecution is had, where he wrote notes and mortgages, and that he received and receipted for his client's money at such office, tends to show that the note, which he subsequently delivered to his client at the latter's residence in another county and which purported to be signed by a person residing in the county where the prosecution is

had, was forged in the latter county and not in the county where the note was delivered.

4. INSTRUCTIONS—*giving an instruction in language of statute will not ordinarily reverse.* In a prosecution for forging a promissory note, an instruction in the language of section 105 of the Criminal Code, defining forgery, is not to be commended in so far as it includes those portions of the section having no reference to the forging of promissory notes, but it will not be ground for reversal if there is nothing calculated to mislead the jury in the application of the law to the particular case.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

WILLIAM E. FREER, and BEDARD & SPITZER, (JOHN F. GEETING, of counsel,) for plaintiff in error.

W. H. STEAD, Attorney General, JOHN E. W. WAY-MAN, State's Attorney, and JUNE C. SMITH, (EDWARD S. DAY, of counsel,) for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Melvin C. McIntosh, plaintiff in error, was convicted in the criminal court of Cook county of the crime of forgery and was sentenced to the penitentiary. He sued out a writ of error in this case to review the judgment and assigned upon the record a number of alleged errors, which, with the exception of two, have been eliminated either by amendment of the record or stipulation of counsel. The two remaining questions are whether the venue was proved and whether the court erred in giving an instruction to the jury.

The facts proved and not controverted are as follows: On February 23, 1906, William Sandman, who lived at Lake Zurich, in Lake county, delivered to the defendant, Melvin C. McIntosh, an attorney at law, at his office in the city of Chicago, Cook county, checks amounting to $2500 to be loaned by the defendant, who gave a receipt for that

amount showing that the money was received to be loaned. A few days afterward the defendant came to the home of Sandman, in Lake Zurich, in Lake county, and delivered to Sandman forged promissory notes to the amount of $2500, among which was a note dated Barrington, Illinois, February 24, 1906, for $500, payable six months after date to the defendant and endorsed by him and purporting to be signed by William Howarth, whose residence was in Barrington, a village partly in Cook county and partly in Lake county. Howarth lived in that part of Barrington which was in Cook county. When the defendant delivered the notes to Sandman he said that he had made loans and got the notes for the money.

The venue was a jurisdictional fact which the People were required to prove, (*Jackson* v. *People*, 40 Ill. 405; *Moore* v. *People*, 150 id. 405;) but it was not an element of the crime to be proved beyond a reasonable doubt. (*Wilson* v. *State*, 62 Ark. 497; *Smith* v. *State*, 29 Fla. 408; *State* v. *Meyer*, 135 Iowa, 507; *State* v. *Burns*, 48 Mo. 438; 13 Ency. of Evidence, 931.) The venue is proved if there is evidence from which it can reasonably be inferred that the crime was committed within the jurisdiction where the prosecution takes place. In *Bland* v. *People*, 3 Scam. 364, it was said that it would be difficult ever to prove the venue of a forgery if the law did not warrant inferences from established facts, and that in the absence of other proof an attempt to pass a forged instrument in Sangamon county would justify an inference that the place of the forgery was in that county. In *Langdon* v. *People*, 133 Ill. 382, there was testimony tending in some degree to show that the crime was committed in Kankakee county, and as this court could not say that the verdict was against the weight of the evidence on that question, such testimony was considered sufficient.

Counsel for plaintiff in error, relying upon the law as stated in *Bland* v. *People, supra,* contend that the delivery

of the note to Sandman in Lake county raised an inference that the note was forged in that county, and that there was no evidence which would justify a conclusion that the crime was committed in Cook county.  If there had been no evidence tending to prove that the forgery was committed elsewhere, the delivery of the note in Lake county would have justified an inference that it was forged there. But there was evidence tending to show that the crime was committed in Cook county.  The defendant was an attorney at law, with an office in Chicago where he transacted his business.  It was there that he received the money from Sandman and gave the receipt.  The note purported to have been made by Howarth, who resided in Cook county, but it would not be presumed that the defendant would go either to Howarth's residence or Sandman's residence to forge the instrument.  The crime was of a nature to be committed in secrecy, and with deliberation, and an imitation of the signature might require successive efforts.  Inasmuch as the defendant had an office where he wrote notes, instruments and legal papers, the natural conclusion would be that he committed the forgery there.  The transaction out of which the forgery grew was begun at his office, and we regard the evidence as sufficient to sustain a finding that the crime was committed in Cook county.  The court instructed the jury that the law presumed the forgery was committed at the place where the notes were delivered unless there was some evidence to show where it was actually done, and that unless they found, from the evidence, that the note was forged in Cook county they must acquit the defendant.

The court gave but one instruction on the part of the People, and that was a copy of section 105 of division I of the Criminal Code, defining the crime of forgery.  It was very lengthy, and included all the various modes by which the crime could be committed and the instruments which might be the subjects of forgery.  It was, of course,

wholly unnecessary to give to the jury those portions of the section, constituting nearly all of the instruction, which had nothing to do with the forgery of a promissory note, and the giving of such immaterial information is not to be commended. It has often been said that it is not error to lay down the law in the language of the law itself, (*Donk Bros. Coal and Coke Co.* v. *Peton,* 192 Ill. 41,) unless there is something in the instruction calculated to mislead the jury in the application of the law to the particular case. (*Duncan* v. *People,* 134 Ill. 110.) There was nothing in the instruction in this case which could have resulted in any injury to the defendant, and the fact it was given is therefore not ground for reversing the judgment.

The judgment is affirmed.