(No. 13991.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ELMER F. ADAMS, Plaintiff in Error.

*Opinion filed October 22, 1921—Rehearing denied Dec. 8, 1921.*

1. MUNICIPAL CORPORATIONS—*officers of village act as agents in signing municipal bonds.* The statute authorizes a village to make public improvements and to issue bonds to be executed by such officers as are authorized by ordinance, and the officers executing such bonds act for and on behalf of the municipality in the same relation as a person authorized to act for another as an agent.

2. CRIMINAL LAW—*what constitutes forgery at common law.* Forgery, at common law, is the false making or material altering, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability; and it is not necessary to allege that the writing would, if genuine, have created a legal liability, but the essential elements of the crime are the false making of a writing apparently capable of effecting a fraud and the fraudulent intent with which it is made.

3. SAME—*indictment for forgery of municipal bond need not show authority of officers of a village to issue bond.* An instrument that is void or without apparent legal efficacy on its face or is not shown by proper averment of extrinsic facts to be capable of affecting the rights of another cannot be the subject of forgery, but it is sufficient if it is apparently capable of defrauding, and an indictment charging the forgery of a municipal improvement bond is not defective in failing to show that the officers of the village had authority to sign such bond.

4. SAME—*venue in forgery need not be proved beyond reasonable doubt.* Venue is a jurisdictional fact but it is not an element of the crime of forgery to be proved beyond a reasonable doubt, and it is sufficient if there is evidence from which it can reasonably be inferred that the crime was committed in the county where the venue is laid in the indictment.

5. SAME—*there is no presumption of law that forgery is committed where the forged instrument is disposed of.* If there is no other evidence a jury may properly find that a forgery was committed in the county where the forged instrument was disposed of; but there is no such presumption of law, and where there is evidence tending to show that the false writing was prepared in one county and disposed of in another it may be left to the jury to determine where the crime was committed.

6. SAME—*intent to defraud is not presumed until forged instrument is uttered.* The intent to damage or defraud does not arise merely from the forgery of an instrument, and in such a case the intention is a question for the jury, to be determined from the circumstances, but when the forged instrument is uttered by a sale to another party the intent to defraud is presumed.

WRIT OF ERROR to the Circuit Court of DuPage county; the Hon. C. F. IRWIN, Judge, presiding.

JOSEPH A. REUSS, and WILLIAM R. FRIEDRICH, (MIGHELL, GUNSUL & ALLEN, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, CHAUNCEY W. REED, State's Attorney, and ALBERT D. RODENBERG, (CHARLES W. HADLEY, of counsel,) for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Elmer F. Adams, plaintiff in error, was tried, convicted and sentenced to the penitentiary on an indictment preferred against him in the circuit court of DuPage county, charging him with forging a bond of the village of Glen Ellyn for $500, with interest at five per cent. The court overruled the motion of the defendant to quash the indictment and denied motions for a new trial and in arrest of judgment.

The indictment contained five counts, in each of which the bond alleged to have been forged was set out *in hæc verba,* and it bears the signatures of the president, treasurer and clerk of the village. The objection to the indictment raised by the motions to quash and in arrest of judgment is, that it did not contain any allegation that the officers had authority to sign bonds of that nature. It is insisted that on account of the want of such averment the indictment failed to charge the offense of forgery and was so defective and insufficient that no judgment could be based upon it.

Each count alleged, in substance, that on June 21, 1916, the defendant feloniously, fraudulently and falsely made, forged and counterfeited a public improvement bond pur-

porting to have been made and executed by the village of Glen Ellyn, a municipal corporation of this State, and the fifth count also charged the defendant with uttering said forged bond in DuPage county. The first count charged the forgery had been committed with intent thereby to prejudice, damage and defraud the village of Glen Ellyn. The second count charged the forgery of the bond with intent to damage and defraud divers persons to the grand jury unknown. The third and fourth counts charged intent to prejudice, damage and defraud Otto Schneider, and the fifth count charged the defendant with uttering, publishing and passing to Schneider as true and genuine the forged bond, with intent to damage and defraud said Schneider.

The argument in support of the objection is, that where an instrument purports to have been executed in an official capacity there must be an allegation that the person whose name is signed had the authority to act and issue such an instrument, so that, if genuine, it would have been a legal liability of the supposed maker. The statute authorizes a village to make public improvements and to issue bonds of the kind in question, to be executed by such officers as are authorized by ordinance, and officers executing such bonds act for and on behalf of the municipality in the same relation as a person authorized to act for another as an agent. It was held by this court in *Cross* v. *People,* 47 Ill. 152, that in an indictment for forging an instrument purporting to have been made by an agent it was not necessary that the indictment should aver the authority of the agent or that it was so drawn, and this doctrine was re-affirmed in *People* v. *Wilmot,* 254 Ill. 554.

The Supreme Court of Indiana in *State* v. *Henning,* 158 Ind. 196, held that an indictment charging the alteration of a record by changing an endorsement of payment on the record of a judgment, purporting to be signed by attorneys for the plaintiff, and where the statute authorized an attorney at law to enter satisfaction of judgments, was insuf-

ficient because it did not allege that the entry of payment was made by the attorneys for the plaintiff whose names appeared there or was the act of such attorneys, and that a signature with the word "clerk" affixed did not show the person to be the clerk of the court. If that case goes to the extent of holding that the existence of an agency and the authority of a public official to act in a particular case must be alleged it is contrary to the view adopted by this court. An instrument that is void or without apparent legal efficacy on its face or is not shown by proper averment of extrinsic facts to be capable of affecting the rights of another cannot be the subject of forgery, but if it is apparently capable of defrauding, that is sufficient, as held in *Goodman* v. *People,* 228 Ill. 154. In *White* v. *Wagar,* 185 Ill. 195, the court adopted as the correct definition of forgery at common law the false making or material altering, with intent to defraud, of any writing which, if genuine, might apparently be of legal efficacy or the foundation of a legal liability. It is not necessary to allege that the instrument forged, if genuine, would have created a legal liability, but the essential elements of the crime are a false making of some instrument in writing apparently capable of effecting a fraud, together with a fraudulent intent. (12 R. C. L. 140.) Our statute includes in the definition of forgery, making, altering, forging or counterfeiting a written instrument of another or purporting to be such, by which any pecuniary demand or obligation is or purports to be created. The same doctrine as to agency is stated in McClain on Crim. Law, sec. 757, 13 Am. & Eng. Ency. of Law,—2d ed.—1093, and 19 Cyc. 1382. Villages are authorized by law to issue improvement bonds, which are bought, sold and exchanged as obligations of the municipality, and the indictment set forth the forgery of a bond which was of a nature to be a means of fraud, together with a fraudulent intent.

The court did not err in overruling the motion to quash and the motion in arrest of judgment. For the same reason

the court did not err in refusing to give to the jury instructions numbered 1 and 2 offered by the defendant, which told the jury that unless they found from the evidence that the persons whose names appeared upon the bond were the duly authorized officers of the village to sign such bonds they should find the defendant not guilty.

It is next contended that the People failed to prove the venue as laid in the indictment. The venue was a jurisdictional fact but it was not an element of the crime to be proved beyond a reasonable doubt. If there was evidence from which it could reasonably be inferred that the forgery was committed in DuPage county that was sufficient. *People* v. *McIntosh,* 242 Ill. 602.

The evidence relating to the forgery was as follows: The defendant lived in the village of Glen Ellyn at the time of the forgery and had resided there from the year 1905. He had been in the employ of the Glen Ellyn State Bank, first as book-keeper and afterward as assistant cashier and director. In the fall of 1916 he became cashier of the Ogden Avenue State Bank in Chicago but still lived in Glen Ellyn and was a director of the Glen Ellyn State Bank and treasurer of the village. He had held the latter office since 1909, and the village had vault space in the bank, where he kept the books, papers, records, bonds, blanks for bonds and the corporate seal. The village was making many improvements by special assessment and had in the vault a supply of blanks for issuing bonds. In paying for special assessment work the village issued warrants as the work progressed, which were turned in to the treasurer and bonds issued and the warrants canceled. The name of the treasurer signed to the bond in question was genuine but the names of the president and clerk were forgeries. In the fall of 1917 Otto Schneider, of Forest Park, in Cook county, purchased at that place from the defendant the bond in question, with nineteen other bonds, for $500 each, making a total of $10,000. Before July 1, 1920, the defendant paid off $3000

of the bonds. Shortly before July 1, 1920, when four of the bonds would be due, Schneider gave the bond in question, with three others, to the Forest Park State Bank for collection and that bank sent the bonds to the Glen Ellyn State Bank for that purpose. The bonds were presented to Frank J. Bogan, who became treasurer of the village on June 12, 1918, and he gave his check for the amount of the principal and coupons. In checking over the bond register he found that a bond of the same number as one of these had been paid and on examination discovered the forgery, and the bank paid back the money and received the bonds. The defendant admitted the forgery and said that it was due to financial necessity, and that he had intended to pay the bonds and did not know of their being sent to the bank for collection. He paid the Glen Ellyn State Bank the amount of the bonds and coupons and has since paid the other bonds.

It was assumed by the counsel on both sides, and by the court in giving instructions both for the People and the defendant, that there was a presumption of law that the forgery was committed in Cook county, arising from the fact that the bonds were there sold to Otto Schneider. The instructions for the People treated the presumption as a rebuttable one, and left it to the jury to decide whether the presumption was overcome. It is true that if there is no other evidence a jury may properly find that the forgery was committed in the county where the forged instrument was disposed of, but there is no such presumption of law. In *Bland* v. *People,* 3 Scam. 364, it was said that an attempt to pass a forged note in a certain county was evidence that the forgery was committed in that county in the absence of other proof, and it was a question to be left to the jury, which was warranted in concluding in that case that the forgery was committed in the county where the defendant attempted to pass the forged note. The same rule was stated

in *People* v. *McIntosh, supra.* In this case the fact that the seal which appeared upon the bond was kept in the vault, and never, so far as appears, was removed from DuPage county, and the blanks for the bonds were kept there, was sufficient to justify the jury in finding that the offense was committed in DuPage county.

It is alleged that the court erred in giving to the jury instructions numbered 2 and 5 at the request of the People. The second instruction related to the subject of an intent to defraud and stated that the intent might be established by facts and circumstances. Counsel say that it is unobjectionable except for the last sentence, which stated that if the jury believed, beyond a reasonable doubt, from the evidence in the cause, that the defendant did within the county of DuPage forge the bond in question, as charged in the indictment, and that after such forgery he did utter such bond, then the intent to defraud would be presumed. The intent to damage or defraud does not arise merely from the forgery of an instrument, and in such a case the intent is a question for the jury, to be determined by the facts and circumstances. *(Kotter* v. *People,* 150 Ill. 441.) The mere making and possession of a forged instrument does not necessarily prove an intent to defraud anyone by the use of the instrument, but when the forged instrument is uttered, as it was in this case by the sale to Schneider, an intent to defraud is presumed. *Fox* v. *People,* 95 Ill. 71; *Spears* v. *People,* 220 id. 72; *People* v. *Meyer,* 289 id. 184.

Instruction 5 is as follows:

"The court instructs the jury, as a matter of law, that the People are required to prove that the crime charged in the indictment herein was committed at and within the county of DuPage. This is a jurisdictional fact and is known as venue but is not an element of crime, that must be proven beyond a reasonable doubt. It is sufficient if from all of the evidence in this cause the jury can reasonably believe that the crime of forgery as charged in the in-

dictment herein, was committed at and within the county of DuPage."

The objection is that the instruction told the jury they might convict the defendant, if the forgery was committed in the county of DuPage, without requiring proof, beyond a reasonable doubt, of the commission of the crime. The instruction related only to venue and stated that it was not an element of crime, which must be proved beyond a reasonable doubt. The jury were advised in a great many instructions, in varying language, that the commission of the crime must be proved beyond a reasonable doubt, and this instruction contains no implication to the contrary.

On the motion for a new trial the defendant offered the affidavit of a juror who had been in attendance on the court and had served on a jury in the case of People *vs.* Haas, with one of the jurors who sat in this case, that on or about the day the Haas case was settled the juror in question expressed the opinion that any person who was indicted for an offense was guilty or he would not be indicted. This juror was accepted after a very full examination, which appears in the abstract of record. He then stated that he understood that the indictment was no evidence of guilt and should not be so considered; that he would not only start with the presumption that the defendant was innocent but would presume that he was innocent all through the trial and must be convinced beyond all reasonable doubt of his guilt as charged in the indictment; that he understood what was meant by presumption of innocence, and that he knew of no reason why he should not give both sides a fair and impartial trial according to the law and evidence, and would do so if taken as a juror. If the juror had any such impression or belief as was stated concerning the previous case there appears no reason to doubt his answers in this case were true or that he was qualified to act as a juror.

The judgment is affirmed. *Judgment affirmed.*