(No. 22795—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WALTER JAMES GREGOR, Plaintiff in Error.

*Opinion filed February 21, 1935.*

JAMES M. BURKE, and GEORGE M. CRANE, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and HENRY E. SEYFARTH, of counsel,) for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

Plaintiff in error, Walter J. Gregor, was indicted in the criminal court of Cook county charged with unlawfully carrying a certain pistol concealed on or about his person. Upon a trial before the court without a jury he was found guilty and sentenced to a term of six months in the county jail. Upon writ of error this judgment was affirmed by the Appellate Court, and the cause is here on writ of error.

Two grounds for reversal are urged by plaintiff in error: First, that the finding and judgment of the court are insufficient; and second, that the venue was not proved as charged in the indictment. The second ground, only, need be considered.

It appears from the record that Calumet City, Illinois, is approximately a mile and a half from the Illinois-Indiana State line, adjacent to the city of Hammond, Indiana. On the night of February 17, 1932, police officer Miotke, of Calumet City, while responding to another call, heard some revolver shots, apparently between State street and Baltimore street, on Ingraham street, in that city. Running to the corner he saw a Chevrolet coupe drive away and recognized it as belonging to plaintiff in error. The officer in another car followed this car to Hammond, where he secured the assistance of a policeman in that city and found plaintiff in error in the lobby of a hotel. Upon being searched it was found that plaintiff in error had a pistol in his coat pocket from which all the cartridges had been fired except one. He was taken to the police station in Hammond, where he was questioned, the policeman asking

him, "What is the idea of shooting, Wop?" to which plaintiff in error replied: "Oh, I just shot into this building there; I wanted somebody to come out; I am going to get there; I am going to get him, even if it takes ten years; I am going to get you." This was the only evidence for the People.

Plaintiff in error testified in his own behalf but told a story which was entirely unbelievable and obviously was not believed by the trial court. Disregarding his testimony in its entirety, there remains a failure to prove the crime charged in the indictment. It is true as argued by the People that venue may be proved by circumstantial evidence, (*Weinberg* v. *People,* 208 Ill. 15; *People* v. *Golub,* 333 id. 554,) but it is also true that it must be proved beyond a reasonable doubt. (*Moore* v. *People,* 150 Ill. 405; *People* v. *O'Gara,* 271 id. 138; *People* v. *Strook,* 347 id. 460.) There are also further rules from which we may not depart and which are applicable to this case. A judgment of guilty must rest upon substantial evidence. (*People* v. *Oberlin,* 355 Ill. 317.) Guilt is never presumed, and where conditions may be explained on a hypothesis of innocence it is the duty of the court to accept that explanation. (*People* v. *Ahrling,* 279 Ill. 70; *People* v. *Oberlin, supra.*) Allowing no weight whatever to the denials of the defendant, the evidence still fails to show that the pistol which was found concealed upon his person in Indiana was so concealed upon his person at any place in Illinois. It could not have been concealed at the moment the shots were fired, and whether it was in his pocket, either before or after the shooting, at any place in this State is entirely a guess, and the only place where the accused was proved to have carried or possessed a concealed weapon was in the State of Indiana.

For the failure to prove venue the judgment must be reversed and the cause remanded.

*Reversed and remanded.*