(No. 31585.—

The People of the State of Illinois, Defendant in Error, *vs.* Robert Long, Plaintiff in Error.

*Opinion filed November 27, 1950.*

Carl H. Preihs, of Pana, (John W. Preihs, of counsel,) for plaintiff in error.

Ivan A. Elliott, Attorney General, of Springfield, and Scott Hoover, State's Attorney, of Taylorville, (Harry L. Pate, of Tuscola, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Defendant, Robert Long, was convicted of the crime of manslaughter by a jury in the circuit court of Christian County, and his punishment fixed at imprisonment in the penitentiary for a term of not less than three nor more than four years. He prosecutes this writ of error for review, contending that the evidence was insufficient to support the judgment of conviction, that venue was not proved, and that the court erred in refusing certain tendered jury instructions.

The record shows that James A. Fleming, sixty-eight years old, died on a city street in Taylorville on the night of June 16, 1948, as the result of injuries caused by a blow or blows on his head. The evidence of the prosecution tended to prove that the defendant had made an unprovoked attack with his fists on the deceased, and that such blows, or injuries suffered in a fall resulting from such blows, caused the death. The defense witnesses sought to establish that defendant did not strike the deceased, and that the latter's fatal injuries were suffered in a fall to the sidewalk, brought about by his own misconduct, or else were incurred when Fleming was dropped by bystanders who sought to lift him from the street. Our consideration of the entire record, and of the errors assigned, indicates that there is little need to review the evidence in great detail in this opinion. As presented, there is a hopeless conflict in the version testified to by the witnesses for each side. The issue resolves itself largely into a determination of the credibility of the witnesses, and the weight to be afforded their testimony, which functions we have held many times are best performed by the jury or court who heard and saw the witnesses. (*People* v. *Potts*, 403 Ill. 398; *People* v. *DeMarios*, 401 Ill. 146; *People* v. *Simmons*, 399 Ill. 572.) It is likewise the province of the jury to determine which set of witnesses, whose testimony conflicts, is telling the truth. (*People* v. *Harrison*, 318

Ill. 316; *People* v. *Ruben,* 366 Ill. 29.) On review, this court will not disturb the finding of the jury unless it can be said that there is not sufficient credible evidence to establish the guilt of an accused beyond a reasonable doubt, or unless the evidence is deemed so improbable or unsatisfactory as not to be worthy of belief. (*People* v. *Sheppard,* 402 Ill. 347; *People* v. *Willson,* 401 Ill. 68.) In the instant case the jury apparently considered the testimony of the People's witnesses as true. Accepting that finding, it must be said that the evidence is sufficient to establish defendant's guilt beyond a reasonable doubt, and is not of such an improbable or unsatisfactory nature as would warrant a reversal of the judgment. With further regard to the evidence, we are constrained to remark that neither the prosecution nor the defense, either by scope or manner of presentation, appears to have exhausted their opportunities of fully presenting the testimony of those who allegedly witnessed the affair between defendant and the deceased. The probability that the proof may not be confined to such narrow limits on another trial, is further reason why a complete review of the evidence would be of no benefit in this opinion. It is our judgment that the errors going to the sufficiency of the evidence cannot be sustained on the record before us.

It is true, as defendant argues under his second assignment of error, that there was no direct testimony that the crime of which he was accused was committed in Christian County. The rule is, however, that it is not necessary that testimony be given in so many words that the crime was committed in a given county, but that venue may be proved by circumstantial evidence. (*People* v. *Hornaday,* 400 Ill. 361; *People* v. *Cathony,* 376 Ill. 260; *People* v. *Gregor,* 359 Ill. 402.) It was here established that the alleged crime was committed in the city of Taylorville and that law-enforcement officials of Christian County participated in defendant's arrest. Such facts, along with other cir-

cumstances, lead only to the rational conclusion that the crime was, without reasonable doubt, committed in the county where the trial was held. (*Weinberg* v. *People,* 208 Ill. 15; *People* v. *Ortiz,* 320 Ill. 205.) In determining proof of venue, we may also take judicial notice that a city is located in a certain county. (*People* v. *Suppiger,* 103 Ill. 434; *Sullivan* v. *People,* 122 Ill. 385.) In this case we take notice that the city of Taylorville is located in Christian County. The entire record leaves no doubt but that venue was sufficiently established.

Error is next assigned on the trial court's action of refusing to give either, or both, of two instructions tendered by defendant, which informed the jury of the law as to presumption of innocence. The People admit, and the record shows, that no precise instruction to that effect was given, but it is urged that any error was cured by the given instructions which related to the necessity for proof of defendant's guilt beyond a reasonable doubt. Where the question has arisen, this court has consistently held that a defendant is entitled to the benefit of the presumption of innocence through all steps of his trial, including the period during which the jury is considering all the evidence after receiving instructions by the court, and until the jurors determine from such evidence that guilt has been established beyond a reasonable doubt. (*Flynn* v. *People,* 222 Ill. 303; *People* v. *Ambach,* 247 Ill. 451; *People* v. *Israel,* 269 Ill. 284; *People* v. *Bermingham,* 301 Ill. 513.) These same cases stress that an instruction on the presumption of innocence is particularly essential to a fair trial where the evidence is in great conflict; which is most certainly the situation existing in the instant case. Though we have upheld the refusal of an instruction relating to presumption of innocence when it has contained improper statements of law, (*People* v. *Johnson,* 317 Ill. 430; *People* v. *Grant,* 313 Ill. 69; *People* v. *Bermingham,* 301 Ill. 513,) or where the subject has been properly covered in another

instruction, it has been conceded to be error to refuse the instruction when properly tendered. It is only by such an instruction that the danger of prejudice arising from being charged with guilt and held thereon may be obviated.

The contention that instructions relating to proof of guilt beyond a reasonable doubt, in effect, perform the same function as an instruction as to presumption of innocence, is not supported by the decisions of this court. The cases cited above, particularly the *Flynn case,* while not squarely involving the contention, establish, in principle, that in the absence of an instruction as to presumption of innocence, instructions relating to reasonable doubt of guilt have the effect of depriving a defendant of his presumption of innocence during the phase of the trial when the jury is considering all the evidence. The latter instructions concern a degree of guilt, are not compatible with a presumption of innocence, and therefore, when standing alone, deprive a defendant of the benefit of the presumption of innocence. This is also the generally accepted view of both the Federal courts and the courts of last resort in other jurisdictions. 53 Am. Juris. 526, sec. 684, and 23 C.J.S. 780, sec. 1221.

Refused instruction No. 3 in this cause simply stated the presumption of law as to the innocence of the accused. It was error to refuse it. As to refused instruction No. 4, which dealt with the same proposition, we are of the opinion that it was verbose, argumentative and apt to be misleading, as was the case with the instruction proffered in *People* v. *Johnson,* 317 Ill. 430, and the trial court properly refused it. In view of the extreme conflict in the evidence, it was error for the trial court to refuse to charge the jury as to the presumption of innocence. For this reason, the judgment of the circuit court of Christian County is reversed and the cause remanded for a new trial.

*Reversed and remanded.*