(No. 48050.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. LARRY ONDREY, Appellee.

*Opinion filed December 3, 1976.*

William J. Scott, Attorney General, of Springfield, and Frank X. Yackley, State's Attorney, of Ottawa (James B. Zagel, Jayne A. Carr, Anne Taylor, and Roger Longtin, Assistant Attorneys General, and James E. Hinterlong and Bernard L. Rivkin, of Illinois State's Attorneys Association Appellate Assistance Service, of Ottawa, of counsel), for the People.

Verlin R. Meinz, Assistant Defender, Office of State Appellate Defender, of Ottawa, for appellee.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

On October 16, 1973, Larry Ondrey, the defendant, pleaded guilty in the circuit court of La Salle County, as will be described more specifically, to a charge of criminal damage to property not exceeding $150 (Ill. Rev. Stat. 1973, ch. 38, par. 21—1(a)), and to a charge of theft of less than $150 (Ill. Rev. Stat. 1973, ch. 38, par. 16—1). The defendant received concurrent sentences of 364 days and was ordered to make restitution. The appellate court reversed the judgment on the theft conviction and on the order of restitution (32 Ill. App. 3d 73), and we allowed

the People's petition for leave to appeal.

On March 26, 1973, Ondrey was charged by an information filed in Williamson County with burglary and theft involving over $150. On April 16, 1973, an indictment was returned in La Salle County charging him with eight counts of criminal damage to property.

On October 16, 1973, the defendant was produced in the circuit court of La Salle County pursuant to a writ of *habeas corpus* issued by that court. (The defendant had been in custody in Williamson County on the charges pending there.) Following negotiations between the defendant and the State's Attorneys of La Salle and Williamson counties, the defendant informed the court that he wished to plead guilty, under the provisions of section 5—4—2(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—4—2(b)), to one count of the La Salle County indictment and to the information which had been filed in Williamson County. The State's Attorney of La Salle County had agreed to dismiss the remaining seven counts of criminal damage to property and the State's Attorney of Williamson County had stated he would dismiss the burglary charge and reduce the charge of theft to theft involving less than $150. The record indicates that the defendant, his attorney, the State's Attorney of La Salle County and the trial judge understood that the criminal information filed in Williamson County would be transferred to and filed in the circuit court of La Salle County subsequent to the defendant's plea. The information was filed in La Salle County on October 31, 1973.

The defendant argued before the appellate court that the circuit court had no jurisdiction of the theft charge since the criminal information filed in Williamson County had not been transferred to and filed in La Salle County at the time of the defendant's plea of guilty and the entering of the judgment of conviction. The defendant relied on section 5—4—2(b) of the Unified Code of Corrections,

which provides:

> "A defendant convicted, charged, or held in custody in a county other than that in which any other charge is pending against him may state in writing or in court that he desires to plead guilty, to waive trial in the county in which the charge is pending and to consent to disposition of the case in the county in which he is held, convicted or charged, subject to the approval of the state's attorney for each county. Upon receiving notification from the sentencing court, the clerk of the court in which the charge is pending shall transmit the papers in the proceeding or certified copies thereof to the clerk of the court in which the defendant desires to plead guilty. Thereafter, the prosecution shall continue in that county. If after the proceeding has been transferred, the defendant pleads not guilty, the proceeding shall be restored to the docket of the court where the charge was pending." Ill. Rev. Stat. 1973, ch. 38, par. 1005—4—2(b).

The appellate court held that the circuit court of La Salle County did not have jurisdiction of the theft charge because the information had not been transferred to the circuit court of La Salle County and that the defendant's failure to object in the trial court did not waive this jurisdictional defect. The People conceded that the order of restitution was improper, and this part of the judgment of conviction was also reversed. The People do not in this court challenge the correctness of the appellate court's action on the order of restitution.

The People claim the appellate court erred, contending that the procedure of transferring the papers of prosecution under section 5—4—2(b) relates to venue, not jurisdiction, and that this procedure may be waived by the defendant.

Under our constitution of 1970 an accused has a right to trial in the county where the offense is alleged to have been committed (Ill. Const. 1970, art. I, sec. 8), but like other rights of an accused, it may be waived (*People v. Ackerson*, 37 Ill. 2d 117, 122). The place of trial is not jurisdictional and may be waived by the defendant.

(*People v. Dunn*, 52 Ill. 2d 400, 402.) All nonjurisdictional questions are waived by a voluntary plea of guilty. *People v. Brown*, 41 Ill. 2d 503, 505.

We consider that section 5—4—2(b) of the Unified Code of Corrections relates to venue rather than to jurisdiction. We have a unified court system in Illinois, and circuit courts, with two exceptions which are not involved here, have original jurisdiction of all justiciable matters, including the offense involved here. (Ill. Const. 1970, art. VI, sec. 9.) The failure to forward the Williamson criminal information or a copy of it to the circuit court of La Salle County prior to the entry of the defendant's plea of guilty was a ministerial omission which did not prevent the court from acquiring jurisdiction of the theft charge. The information charging the defendant with theft and filed in Williamson County charged an offense within the jurisdiction of the circuit court of Williamson County. Venue was then changed to La Salle County by the agreement of the defendant and both State's Attorneys. The provision of section 5—4—2 calling for the transmitting of the information was not met until after the defendant had pleaded guilty, but the defendant, through his attorney, waived compliance with this provision when he pleaded guilty. There was no discernible prejudice to the defendant and no prejudice is alleged.

Section 5—4—2(b) appears to be founded on Rule 20 of the Federal Rules of Criminal Procedure. (Fed. R. Crim. P. 20.) The rule in part provides that a defendant arrested, held or present in a district other than that in which an indictment or information against the defendant is pending may with the consent of the United States Attorneys in both districts plead guilty or *nolo contendre* and consent to disposition of the charges in the district in which he is held. The rule states that upon receiving the defendant's consent and the written approval of both prosecutors the clerk of the district where the indictment or information is pending is to transmit the papers to the

district where the defendant is being held and the prosecution will continue in that district.

It has been held that Rule 20 relates to venue, not to jurisdiction (*United States v. Gallagher* (3d Cir. 1950), 183 F.2d 342, 345-46), and that a literal noncompliance with the rule does not necessarily prevent the district to which the case is transferred from acquiring jurisdiction (*Levine v. United States* (8th Cir. 1950), 182 F.2d 556, 559-60).

*Jackson v. United States* (1st Cir. 1974), 489 F.2d 695, also illustrated that venue, not jurisdiction, is involved in Rule 20. There the defendant and the United States Attorney for the district in Massachusetts, where the defendant was being held, had executed the consent forms for a Rule 20 disposition of the defendant's case. The United States Attorney for the district in California where the indictments against the defendant were pending consented to the transfer by telephone. The court proceeded to accept the defendant's guilty plea and imposed sentence. The court of appeals held that the circumstance that a written consent of the United States Attorney in California had not been obtained in Massachusetts prior to the defendant's plea of guilty did not require reversal of the convictions. The court stated:

> "The appellant contends that Rule 20 is a jurisdictional rule and that any technical non-compliance deprives a court in a district where the crime did not occur of jurisdiction. We reject this argument. Rule 20 is a venue-waiving provision. [Citations.] The right of the defendant to trial in the district where the offense was committed may be waived by the defendant under Rule 20 by his written consent to disposition of the case in the district in which he has been arrested. In this case the defendant signed the requisite forms and pleaded guilty, thereby waiving any right to challenge the impropriety of venue." 489 F.2d 695, 696.

We consider that section 5—4—2(b) is, as Rule 20 is, a "venue-waiving provision."

While the omission here represented careless administrative practice, this omission did not go to the jurisdiction of the court in La Salle County.

There having been no challenge to the correctness of the appellate court's reversal of the order of restitution, that portion of the appellate court judgment is affirmed. For the reasons given, the portion of the appellate court judgment reversing the trial court judgment on the theft conviction is reversed. The judgment of the circuit court of La Salle County with respect to the restitution order is reversed, and in other respects is affirmed.

*Appellate court affirmed in part and reversed in part; circuit court affirmed in part and reversed in part.*