THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DONALD J. GOULET, Defendant-Appellant.

Fourth District   No. 14406

Opinion filed September 26, 1977.

Richard J. Wilson and Donald T. McDougall, both of State Appellate Defender's Office, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (Robert C. Perry and James G. Condon, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE WEBBER delivered the opinion of the court:

The defendant was convicted upon a negotiated plea of guilty to the offense of robbery. He was sentenced to 1½ to 4½ years' imprisonment. While incarcerated, he brought, pro se, a petition for a writ of habeas corpus. On motion of the People, the circuit court dismissed the petition without a hearing and without appointing counsel, as prayed by the defendant. This appeal followed.

Two principal questions are raised on the appeal: (1) Whether venue is a jurisdictional matter or only a material part of the proof in criminal cases; and (2) whether a court is required to appoint counsel and hold a

hearing on a petition for a writ of habeas corpus by reason of the nature of the petition alone.

A brief factual background is necessary in order to fully deal with the questions. Defendant and a co-defendant (not involved in this appeal) were hitchhiking near St. Louis, Missouri, and were given a ride by the victim. As they drove north, at some point between St. Louis and Breckenridge, Illinois, defendant and his co-defendant took over the car. Near Breckenridge, which is in Sangamon County, the pair beat the victim, left him in a cornfield and took the car. They were later apprehended in Ohio, waived extradition and were returned to Sangamon County. Indictments were returned by the grand jury alleging one count of aggravated battery and two counts of robbery. As a result of plea negotiations, the defendant pleaded guilty to one count of robbery (the car) and the other two counts were dismissed on motion of the People.

Count III, to which defendant pleaded guilty, alleged that the offense occurred "in the County of Sangamon in the aforesaid State of Illinois."

In his petition defendant alleges "* * * said crime that I committed was not committed in the County of Sangamon, in which county that convicted me, said crime of robbery was committed in * * * Christian County * * *." Defendant then claims that the circuit court of Sangamon County was without jurisdiction of the offense by reason of improper venue.

■■ There is no unanimity of opinion among the courts which have considered the subject as to whether venue is jurisdictional. Some have answered in the affirmative; others have said that venue is only a material allegation to be proved like all other elements of an offense. Illinois must be classified with the latter, although two older cases have caused considerable confusion on the matter.

These cases are *People v. Adams* (1921), 300 Ill. 20, 132 N.E. 765, and *People v. McIntosh* (1909), 242 Ill. 602, 90 N.E. 180. The *Adams* court said in part, "The venue was a jurisdictional fact but it was not an element of the crime to be proved beyond a reasonable doubt." 300 Ill. 20, 24, 132 N.E. 765.

Over the intervening years, this language has been cited by both the State and defendants, apparently depending on whose ox was being gored. *Adams* has never been expressly overruled by our supreme court, but neither has it been followed. In fact, in numerous cases the court has held that venue is a fact to be proved beyond a reasonable doubt. See, for example, *People v. Strook* (1932), 347 Ill. 460, 179 N.E. 821; *People v. Gregor* (1935), 359 Ill. 402, 194 N.E. 550; *People v. Church* (1937), 366 Ill. 149, 7 N.E.2d 894; *People v. Long* (1950), 407 Ill. 210, 95 N.E.2d 461; *People v. Pride* (1959), 16 Ill. 2d 82, 156 N.E.2d 551.

The aberrant rule announced in *Adams* is best explained in the context of the statutory law existing at the time. The Illinois Constitution of 1870 provided in article II, section 9, "In all criminal prosecutions the accused shall have the right to * * * a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed." The statute implementing the constitutional provision reads: "The local jurisdiction of all offenses, not otherwise provided for by law, shall be in the county where the offense was committed [See Const., art. II, §9. * * *]" Hurd Rev. Stat. 1917, ch. 38, par. 395.

It is thus apparent that the legislature failed to draw a distinction between jurisdiction and venue and it may be deduced that the court was only reiterating the statute.

The situation today is much different. While the Constitution of 1970 in article I, section 8, retains the language of the 1870 document with only minor changes, the Criminal Code of 1961 creates a sharp distinction between jurisdiction and venue. Section 1—5 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 1—5) provides for jurisdiction; section 1—6 makes elaborate provisions for venue (Ill. Rev. Stat. 1975, ch. 38, par. 1—6); and the Committee Comments to section 1—6 (Ill. Ann. Stat., ch. 38, par. 1—6, at 23 (Smith-Hurd 1972)) commence by pointing out that venue should be distinguished from jurisdiction.

We are therefore of the opinion that venue is not jurisdiction and that recent opinions of our supreme court, while not overruling *Adams*, have discredited it. Defendant's reliance on *Adams* is misplaced.

■■ Since venue is not jurisdictional, the defendant waived the point by entering a plea of guilty. In the recent case of *People v. Ondrey* (1976), 65 Ill. 2d 360, 363-64, 357 N.E.2d 1160, 1162, the supreme court said: "The place of trial is not jurisdictional and may be waived by the defendant. [Citation.] All nonjurisdictional questions are waived by a voluntary plea of guilty. [Citation.]" See also *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456.

The matter of venue was at least twice called to the attention of the defendant during the plea proceedings and at neither time did he enter any objection or protest. The record shows that the court addressed the defendant as follows: "* * * You have a right to a speedy, public trial by an impartial jury *right here in Sangamon County where this offense was committed.*" (Emphasis added.) And later defendant's counsel said, "The victim was found in the area of Breckenridge here in Sangamon County. That's correct, right."

■■ The remaining question in this case regarding a hearing and appointment of counsel has been succinctly answered by the supreme court on former occasions. In *People ex rel. Ross v. Ragen* (1945), 391 Ill. 419, 63 N.E.2d 874, it was held that a defendant has no right to appointed

counsel in a habeas corpus proceeding, since it is a civil matter ancillary and collateral to the criminal conviction.

In *People ex rel. Kalec v. Pate* (1967), 38 Ill. 2d 350, 231 N.E.2d 434, the trial court dismissed a habeas corpus petition without a hearing and the supreme court affirmed, since an inspection of the petition revealed that the allegations were clearly insufficient to raise any question of the jurisdiction of the trial court over the defendant.

■■ In summary, habeas corpus proceedings are limited to questions or jurisdiction; venue is nonjurisdictional; the only point raised in defendant's petition was venue and it was apparent on the face of the petition; therefore, the dismissal without hearing and without appointment of counsel was proper.

The judgment of the circuit court of Sangamon County is affirmed.

Affirmed.

CRAVEN, P. J., and GREEN, J., concur.