(No. 50431.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JAMES F. BEAM, Appellant.

*Opinion filed January 12, 1979.*

Frank Giampoli, Public Defender, of Taylorville, for appellant.

William J. Scott, Attorney General, of Springfield, and Kelly D. Long, State's Attorney, of Hillsboro (Donald B. Mackay, Melbourne A. Noel, Jr., and Michael B. Weinstein, Assistant Attorneys General, of Chicago, of counsel), for the People.

MR. JUSTICE MORAN delivered the opinion of the court:

Defendant was charged, in seven separate complaints, with seven violations of subsection (d), the "bad check"

provision, of the deceptive practices statute (Ill. Rev. Stat. 1975, ch. 38, par. 17–1(d)). After he pleaded guilty to the seventh charge, defendant moved to dismiss the remaining six complaints. The circuit court of Montgomery County granted defendant's motion and the State appealed each dismissal. The appellate court consolidated the appeals for review and reversed (55 Ill. App. 3d 943). We granted defendant leave to appeal.

The complaints against defendant, when viewed together, charged that, during a period of 47 days in 1975, he delivered seven checks, totaling $165.16, to different merchants, knowing that the checks would not be paid by the depository bank. The seventh complaint was not brought until after defendant had pleaded not guilty to the first six. Defendant contends that his guilty plea to the seventh complaint barred prosecution of the other six because of the penalty provision of the deceptive practices statute, which states:

> "Deceptive practice under subsections (a) through (d) is a Class A misdemeanor. In the case of a prosecution for separate transactions totalling more than $150 within a 90 day period, such separate transactions shall be alleged in a single charge and provided in a single prosecution." (Ill. Rev. Stat. 1975, ch. 38, par. 17–1.)

Specifically, defendant contends that the second sentence (proviso) of the quoted provision is mandatory and requires the State to include all seven violations in a single charge. The State argues that the proviso should be declared a nullity and given no effect because it is an "incomplete felony sentencing provision." Alternatively, the State argues that the proviso is merely directory, not mandatory. The latter theory was the basis for the appellate court's decision.

The primary function of the court in construing a statute is to give effect to the intention of the legislature. (*People v. Bratcher* (1976), 63 Ill. 2d 534, 542-43; *People*

*v. Scott* (1974), 57 Ill. 2d 353, 358.) The wording of the statute here directs the State to include in a single prosecution separate transactions which occur within a 90-day period and total more than $150. The statute does not, however, provide for increased punishment. Thus the statute creates an anomaly in the instant situation: because defendant's seven checks totaled more than $150, he can be prosecuted for only a single Class A misdemeanor, but had the checks totaled less than $150, he could be prosecuted for seven separate Class A misdemeanors. A literal reading of the statute would reward the defendant for his exorbitance. Courts are not bound, however, by a literal reading of a statute if that reading was clearly not intended. *People v. Hudson* (1970), 46 Ill. 2d 177, 181.

To discover the legislative intent, it is proper to consider the history and course of the legislation (*People ex rel. Cason v. Ring* (1968), 41 Ill. 2d 305, 310; *People v. Boreman* (1948), 401 Ill. 566, 571); and the history of section 17—1 indicates that a literal reading was not intended. The version of section 17—1 under which defendant was charged is quite similar to that which existed in 1963 (Ill. Rev. Stat. 1963, ch. 38, par. 17—1). Significantly, however, while the length of imprisonment is the same under both versions, the proviso does not appear in the 1963 version. Under the 1963 version, each violation of subsection (d) could be charged and prosecuted separately, regardless of the frequency and total amount of the violations.

In the 1965 version, a new provision, subsection (e) (Ill. Rev. Stat. 1965, ch. 38, par. 17—1(e)), was added to cover the unauthorized use of a credit card. Concurrently, the penalty provision was amended to take into account violations of new subsection (e). A defendant convicted under subsection (e) was subject to the same penalty as persons who violated any of the other substantive provisions, except that, in certain instances, a harsher penalty

could be imposed:

> "A person convicted of deceptive practices under Subsection (e) of this Section shall, when the value of any property, labor or services obtained, or attempted to be obtained, in a single transaction, or in separate transactions with the same furnisher of property, labor or services within any 90 day period, exceed $150, be imprisoned in the penitentiary from one to 10 years. In the case of a prosecution for separate transactions totalling more than $150 within a 90 day period, such separate transactions shall be alleged in a single charge and proven in a single prosecution." (Ill. Rev. Stat. 1965, ch. 38, par. 17—1(e).)

It is to be noted that the proviso (with the word "proven" instead of "provided") first appeared in this version. Because it accompanied the increased penalty imposed for certain violations of subsection (e), we believe the proviso was intended to function solely as a condition upon the State's right to the increased penalty for those violations. In our opinion, therefore, the proviso applied only to violations of subsection (e), the credit card provision. The quoted provision, including the proviso, did not apply to and had no effect on the other substantive provisions, which retained the same penalty as the 1963 version. Thus, under the 1965 version of section 17—1, any violation of subsection (d) remained punishable only to the same extent as under the 1963 version, and each violation of subsection (d) could still be charged and prosecuted separately.

The 1967 version included several additional subsections, all involving credit cards, but otherwise remained unchanged as far as is relevant here. The penalty provisions were later altered to reflect the new crime classification system (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 17—1), but otherwise the statute remained essentially unchanged for several years. Then, in 1973, the legislature enacted the Illinois Credit Card Act (Ill. Rev. Stat. 1973, ch. 121½,

par. 601 *et seq.*), which replaced the credit card provisions in the deceptive practices statute (Ill. Rev. Stat. 1973, ch. 38, par. 17—1). As a result, the form of the 1973 version of the deceptive practices statute was almost the same as the 1963 version: all violations of subsection (d) remained punishable as misdemeanors only. But, although the credit card subsections were removed from section 17—1, the proviso remained. We are convinced that, because the proviso was originally part of the increased penalty provision for certain credit card violations and because its attachment to subsection (d) offenses would prompt the aforementioned anomalous results, the proviso remained in section 17—1 through legislative oversight. This version, then, was simply carried over to the statute under which defendant here was charged.

Having concluded that the proviso is part of section 17—1 as the result of legislative oversight, we are of the opinion that it should be given no effect. Somewhat analogous is *People v. Hudson* (1970), 46 Ill. 2d 177, where this court read into a statute certain language which it concluded had been omitted through legislative oversight. As here, the *Hudson* court found that to construe the statute literally would lead to absurd results, and, to determine the true intent, the court examined the prior versions of the statute. 46 Ill. 2d 177, 180-82.

Our conclusion is buttressed by a reading of the 1978 amendment to the deceptive practices statute (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 17—1). A violation of subsections (a) through (d) remains a Class A misdemeanor, except that violation of subsection (d) is now a Class 4 felony "when the value of the property so obtained, in a single transaction, or in separate transactions within a 90 day period, exceeds $150." The proviso was placed immediately after this new increased penalty provision. Thus, the legislature has corrected its prior oversight by correlating the proviso with the increased

penalty provision.

For the foregoing reasons, the judgment of the appellate court reversing the circuit court and remanding the cause to that court with directions to reinstate the complaints is affirmed.

*Judgment affirmed.*