THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ALVIN GOINS, Defendant-Appellant.

Second District No. 84—0643

Opinion filed September 23, 1985.

Robert Agostinelli and Pamela A. Peters, both of State Appellate Defender's Office, of Ottawa, for appellant.

James Ryan, State's Attorney, of Wheaton (William Browers, of State's Attorneys Appellate Service Commission, of Elgin, and John X. Bresline and Peter M. Tumminaro, both of State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, Alvin Goins, was found guilty in a jury trial of residential burglary (Ill. Rev. Stat. 1983, ch. 38, par. 19—3) and was sentenced to a 5½-year term of imprisonment.

Two issues are raised on appeal: (1) whether the trial court erroneously denied defendant's pretrial motion for discharge under the 120-day statutory speedy-trial term; and (2) whether the residential burglary statute is unconstitutional, and if so, renders defendant's conviction void.

Following his indictment in the circuit court of Du Page County for residential burglary of a dwelling located at 2330 Alder Court, Aurora, defendant filed a petition for discharge pursuant to section 103—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 103—5(a)). He alleged that he was placed in custody for the residential burglary charged on July 7, 1983, that he had not been released on bond or tried for 120 days thereafter, and that the delay was not attributable to him.

The State and the defendant entered into a stipulation that defendant was arrested in Kane County on July 7, 1983, and charged in Kane County with committing residential burglary of a dwelling at 2330 Alder Court, Aurora. He remained in the custody of Kane County until November 30, 1983, when that charge was nol-prossed and he was arrested and taken into custody by Du Page County authorities following his indictment for the same offense in Du Page County. It was further agreed that the residence burglarized was one-quarter mile inside the Du Page County line and that the residential burglary occurred in Du Page County and not in Kane County. Defendant remained incarcerated in Du Page County until January 5, 1984, when an oral motion for his discharge was made. The trial court denied the motion for discharge finding that the circuit court of Du Page County did not have jurisdiction to try the offense until Novem-

ber 30, 1983, and that 120 days had not elapsed from that time until January 5, 1984, the date the motion for discharge was made.

The cause proceeded to a jury trial, and the defendant was found guilty of residential burglary as charged in Du Page County. It is unnecessary to set forth the evidence at trial, as the two issues raised on appeal do not pertain to the trial proceedings.

■ One of defendant's contentions on appeal, not raised below, is that the residential burglary statute (Ill. Rev. Stat. 1983, ch. 38, par. 19—3) is unconstitutional. The same arguments advanced in support of this position have been decided by this court in *People v. Sturlic* (1985), 130 Ill. App. 3d 120, 474 N.E.2d 1, where we found the residential burglary statute was not unconstitutional. Thus, we adhere to that decision and again reject the arguments made against the constitutionality of the statute.[1]

■ The second issue raised on appeal is whether defendant was brought to trial within 120 days after he was taken into custody, as required under the 120-day statutory speedy-trial term prescribed in section 103—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 103—5(a)).

Section 103—5(a) provides:

"Every person in custody in this State for an alleged offense shall be tried *by the court having jurisdiction* within 120 days from the date he was taken into custody unless delay is occasioned by the defendant \*\*\*." (Emphasis added.)

A person not tried in accordance with section 103—5(a) shall be discharged from custody (Ill. Rev. Stat. 1983, ch. 38, par. 103—5(d)) and is entitled to a dismissal of the charge. *People v. Richards* (1980), 81 Ill. 2d 454, 459, 410 N.E.2d 833.

Essentially, defendant maintains that the 120-day speedy-trial term began on July 7, 1983, when he was first taken into custody in Kane County for the same offense for which he later remained in custody in Du Page County. He further contends that where a defendant is charged with the offense for which he is prosecuted, he may be "in custody" anywhere in the State for the purposes of the application of the 120-day statutory speedy-trial term. Thus, defendant argues that more than 120 days elapsed, not attributable to any delay caused by him, from the time of his original incarceration in Kane County on July 7, 1983, until his motion for discharge was made on January 5, 1984.

[1]The constitutionality of the residential burglary statute is currently pending before our supreme court in *People v. Bales* (Sept. 20, 1985), Nos. 60347, 60348, 60349 cons.

The State contends that the 120-day statutory speedy-trial term commenced on November 30, 1983, the date he was taken into custody on the indictment returned in Du Page County. Citing *People v. Rogers* (1953), 415 Ill. 343, 114 N.E.2d 398, the State argues that the circuit court of Du Page County was the only court that had "jurisdiction" to adjudicate this residential burglary offense within the meaning of the speedy-trial statute. As the circuit court of Du Page County did not acquire "jurisdiction" until November 30, 1983, the State maintains that the 120-day term was not violated. Alternatively, the State contends that even if defendant's interpretation of the statute is correct, the record discloses delays attributable to the defendant which toll the running of the 120-day term. The trial judge did not decide this alternative contention in his denial of the motion for discharge and, in view of the result which follows, we also need not address this argument.

*People v. Rogers* (1953), 415 Ill. 343, 114 N.E.2d 398, relied on by the State, is quite similar factually to the case at bar. In *Rogers*, the defendant was originally arrested on December 12, 1951, and indicted for rape in Cook County. When later investigation determined that the exact location of the assault was in Lake County, the Cook County indictment was nol-prossed and defendant, who had remained in custody, was transferred to the custody of Lake County on February 15, 1952, where he was charged and subsequently tried on June 10, 1952. Defendant's motion for discharge was denied by the trial court, and he appealed contending that the four months' period, under the then-existing speedy-trial statute, should be computed from December 12, 1951, the date his confinement began in the jail in Cook County.

The supreme court, principally relying on the case of *People v. Stillwagon* (1940), 373 Ill. 211, 25 N.E.2d 795, reasoned that "[t]he uncontradicted proof in the instant case demonstrates that the crime, if any, was committed in Lake County. Therefore, the circuit court of Lake County and not Cook County was the only court that had jurisdiction to adjudicate the matter." (*People v. Rogers* (1953), 415 Ill. 343, 347, 114 N.E.2d 398.) The court concluded that since the trial occurred in Lake County within the statutory period, the trial court properly ruled that defendant was not entitled to discharge.

Defendant contends that *Rogers* is "no longer applicable" and that "the opinion is obsolete in light of substantial charges in the law with regard to jurisdiction and venue." He argues that the decision in *Rogers* was based on an outmoded concept of jurisdiction which equated venue with jurisdiction. Defendant refers to sections 1—5

(State criminal jurisdiction) and 1—6 (place of trial) of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, pars. 1—5, 1—6), which he contends clearly distinguish venue from jurisdiction. As the problem here relates to venue only, defendant maintains that Kane County, the original county of defendant's incarceration, was not deprived of jurisdiction, but was only an improper place of trial. As the present 120-day speedy-trial statute requires trial "by the court having jurisdiction" within 120 days from the date defendant was taken into custody, defendant contends he is entitled to discharge because Kane County had jurisdiction to try him for the offense and he was not tried in either county within 120 days from his incarceration in Kane County.

Although the State acknowledges that the Criminal Code of 1961 distinguishes venue from jurisdiction, it argues that "the evolution of the speedy-trial statute demonstrates a clear legislative intent to retain the *Rogers* interpretation of that statute which makes no distinction between jurisdiction and venue for speedy trial purposes." The State maintains that the words "court having jurisdiction" contained in the speedy-trial statute have remained unchanged after adoption of the Code of Criminal Procedure of 1963 and after other changes in the statute, which evinces a legislative intent that the speedy-trial statute have the same effect as the construction which the statute was given in the *Rogers* case.

The speedy-trial statute (Ill. Rev. Stat. 1983, ch. 38, par. 103—5) is designed to implement the constitutional right to a speedy trial contained in section 8 of article I of the Illinois Constitution of 1970 (Ill. Const. 1970, art. I, sec. 8). (*People v. Jones* (1984), 104 Ill. 2d 268, 273, 472 N.E.2d 455.) This constitutional right to a speedy trial is substantially the same as that provided in article II, section 9, of the Illinois Constitution of 1870. (See *People v. Goulet* (1977), 52 Ill. App. 3d 609, 611, 367 N.E.2d 1045.) The current language of section 103—5(a) of the speedy-trial statute providing for trial within 120 days "by the court having jurisdiction" remains the same as when first enacted in the Code of Criminal Procedure of 1963, and is identical to the statutory wording of the speedy-trial provision prior to the adoption of the Code. See Ill. Rev. Stat. 1959, ch. 38, par. 748.

While the above-quoted language of the speedy-trial statute has remained the same, the statutory provisions for venue were changed by enactment of the Criminal Code of 1961. It is now clear that the place of trial, or venue, should be distinguished from jurisdiction, the power of a particular court to hear a case. (Ill. Ann. Stat., ch. 38, par. 1—6, Committee Comments—1961 (Smith-Hurd 1972).) Jurisdic-

tion of the circuit courts is conferred by the provisions of section 9 of article VI of the Constitution (Ill. Const. 1970, art. VI, sec. 9) which provides, in pertinent part, that the circuit courts have "original jurisdiction of all justiciable matters." The circuit courts have jurisdiction in all cases involving criminal offenses which fall within the ambit of section 1—5 of the Criminal Code. *People v. Gilmore* (1976), 63 Ill. 2d 23, 26-27, 344 N.E.2d 456.

The place of trial, or venue, of an accused is provided in the Illinois Constitution of 1970 "in the county in which the offense is alleged to have been committed." (Ill. Const. 1970, art. I, sec. 8.) The place of trial is not jurisdictional and may be waived by the defendant. (Ill. Rev. Stat. 1983, ch. 38, par. 1—6(a); *People v. Ondrey* (1976), 65 Ill. 2d 360, 363-64, 357 N.E.2d 1160.) Section 1—6 of the Criminal Code of 1961 implements the constitutional provision on venue and clearly distinguishes venue from jurisdiction. Ill. Ann. Stat., ch. 38, par. 1—6, Committee Comments—1961 (Smith-Hurd 1972); *People v. Goulet* (1977), 52 Ill. App. 3d 609, 611, 367 N.E.2d 1045.

The issue we must decide is whether the language in the speedy-trial statute providing the accused's right to be tried within 120 days when in custody "by the court having jurisdiction" refers to any court in this State having jurisdiction to hear the case, as contended by defendant, or means the court where venue to try the case lies, as argued by the State.

As discussed above, our supreme court in *People v. Rogers* (1953), 415 Ill. 343, 114 N.E.2d 398, in a case factually quite similar to the instant case, determined that only the county where the crime occurred had jurisdiction to adjudicate the matter, therein equating jurisdiction with venue for purposes of the speedy-trial statute. Prior to the adoption of the Criminal Code of 1961, jurisdiction also had been equated with venue for purposes of larceny where property had been carried into or through a county. As provided by statute, "the jurisdiction [for larceny of stolen property] shall be in any county into or through which the property may have passed, or where the same may be found." (Ill. Rev. Stat. 1959, ch. 38, par. 707.) While clearly venue is now distinguished from jurisdiction generally, the speedy-trial statutory provision using the term "court having jurisdiction" has remained unchanged since the *Rogers* decision and after enactment of the Code of Criminal Procedure of 1963.

The function of the courts in construing statutes is to ascertain and give effect to the intent of the legislature. (*People v. Steppan* (1985), 105 Ill. 2d 310, 316, 473 N.E.2d 1300.) To discover the legis-

lative intent, it is proper to consider the history and cause of the legislation. (*People v. Beam* (1979), 74 Ill. 2d 240, 243, 384 N.E.2d 1315.) Where a statute has been judicially construed and the construction has not evoked an amendment, it will be presumed that the legislature has acquiesced in the court's exposition of the legislative intent. *People v. Hairston* (1970), 46 Ill. 2d 348, 353, 263 N.E.2d 840.

We believe that the history of the above-quoted language in the speedy-trial statute indicates that a literal reading of the language "court having jurisdiction," as denoting the power of a court to hear justiciable matters, was not intended. (*Cf. People v. Beam* (1979), 74 Ill. 2d 240, 242, 384 N.E.2d 1315.) Rather, taken in context with the *Rogers* decision and the long standing usage of jurisdiction as meaning venue in criminal cases prior to enactment of the Criminal Code of 1961, we conclude the use of the words "court having jurisdiction" in the speedy-trial statute still means venue.

Defendant has not contended that his right to a speedy trial under the United States or Illinois constitutions was violated. The statutory period is not coextensive with the constitutional right to a speedy trial. (*People v. Richards* (1980), 81 Ill. 2d 454, 459, 410 N.E.2d 833.) Nor do we intimate that such a violation occurred under the facts here.

In applying the speedy-trial statute as so construed to the facts of this case, it is evident that the defendant became in custody in Du Page County, the "court having jurisdiction," for the alleged burglary on November 30, 1983. Since 120 days had not elapsed at the time the motion for discharge was made on January 5, 1984, the trial court properly denied the defendant's motion for discharge. For the reasons discussed above, we affirm that decision.

Affirmed.

SCHNAKE and STROUSE, JJ., concur.