(No. 62583.—

# THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ALVIN GOINS, Appellant.

*Opinion filed January 19, 1988.*

CUNNINGHAM, J., took no part.

Robert Agostinelli, Deputy Defender, and Pamela Peters, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and James Ryan, State's Attorney, of Wheaton (Roma J. Stewart, Solicitor General, and Mark L. Rotert and Kenneth A. Fedinets, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE WARD delivered the opinion of the court:

Following a jury trial in the circuit court of Du Page County, defendant, Alvin Goins, was convicted of residential burglary (Ill. Rev. Stat. 1983, ch. 38, par. 19—3),

and sentenced to a term of 5½ years. The appellate court affirmed (136 Ill. App. 3d 582), and we allowed the defendant's petition for leave to appeal (103 Ill. 2d R. 315(a)).

The defendant was taken into custody on July 7, 1983, in Kane County, and charged with the offense of residential burglary. An indictment was returned in Kane County upon the prosecutor's belief that the residence burglarized was in Kane County, but investigation disclosed it to be in Du Page County. While the defendant remained in custody in Kane County, an indictment was returned on November 22, 1983, in the circuit court of Du Page County charging him with the same offense as the Kane County indictment charged. The Kane County indictment was nol-prossed, and on November 30, 1983, the defendant was transferred to the custody of the sheriff of Du Page County. It was stipulated by the State's Attorney and the defendant that the defendant had been in custody since his arrest in Kane County on July 7, 1983.

On February 23, 1984, defendant moved for discharge pursuant to section 103—5(a) of the Code of Criminal Procedure, the so-called 120-day statute to insure a speedy trial (Ill. Rev. Stat. 1983, ch. 38, par. 103—5(a)). The motion stated that on July 7, 1983, he had been placed in custody for the offense charged, that he had not been released on bond or tried within 120 days and that the delay of trial was not attributable to him.

Section 103—5(a) provides:

"(a) Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, ***." Ill. Rev. Stat. 1981, ch. 38, par. 103—5(a).

The circuit court denied the defendant's motion on March 12, 1984, holding that the circuit court of Du Page County did not have jurisdiction to try defendant for the offense until November 30, 1983, and as of the date of the motion to discharge the statutory period of 120 days had not elapsed. The defendant was convicted by a jury of residential burglary in Du Page County, and the appellate court affirmed. Citing *People v. Rogers* (1953), 415 Ill. 343, that court held that, because the circuit court of Du Page County was the only court having jurisdiction of the offense, the statutory time for trial did not commence until defendant was in custody in Du Page County.

The defendant contends that, because his incarceration in Kane County was for the same offense for which he was charged and convicted in Du Page County, the 120 days commenced on the date of his incarceration in Kane County. Citing *People v. Fosdick* (1967), 36 Ill. 2d 524, he argues that the statute must be liberally construed and that its salutary purpose may not be defeated by technical evasion. He urges that the dismissal of the Kane County indictment did not toll the running of the 120 days because he remained in custody on the identical charge.

Relying principally on *People v. Rogers* (1953), 415 Ill. 343, the State contends that the appellate court correctly held that the circuit court of Kane County was without jurisdiction of the offense and that the statutory period commenced to run when the defendant was incarcerated in Du Page County. The State argues that when the General Assembly enacted the Code of Criminal Procedure in 1961, it retained the language of the existing speedy-trial statute, which included the words "court having jurisdiction," which the *Rogers* court construed to mean the court with venue to try the case. It says

that in retaining the language, the legislature showed it intended to retain the *Rogers* interpretation of the statute. (See Ill. Rev. Stat., ch. 38, par. 103—5, Committee Comments, at 58 (Smith-Hurd 1980).) The State argues that it is clear that the appellate court therefore correctly held that the legislature intended the words "court having jurisdiction" in the speedy-trial statute to mean the court where venue lies. 136 Ill. App. 3d 582, 586.

The *Rogers* court held that only the court in the county where the crime was committed has jurisdiction of the offense, which in effect equated jurisdiction with. venue for purposes of the speedy-trial act. In *Rogers*, the defendant was indicted for rape and taken into custody in Cook County, but later was taken to Lake County, where the offense had been committed. The court rejected the defendant's argument that the speedy-trial term should be calculated from the date he was confined in Cook County, stating:

> "Cook County did not have jurisdiction because of the lack of venue. \*\*\* The uncontradicted proof in the instant case demonstrates that the crime, if any, was committed in Lake County. Therefore, the circuit court of Lake County and not Cook County was the only court that had jurisdiction to adjudicate the matter. Since the trial occurred in that county within the statutory period, the court properly ruled that the defendant was not entitled to the relief sought under section 18 [of Division XIII of the Criminal Code (Ill. Rev. Stat. 1951, ch. 38, par. 748)]." 415 Ill. 343, 347.

The decision in *Rogers* must be explained in the context of the law existing at the time. The speedy-trial provision of the criminal code in effect when *Rogers* was decided was essentially the same as the current statute. Unlike the current statutory provisions relating to jurisdiction and venue, however, there was a statutory provi-

sion: "The local jurisdiction of all offenses, not otherwise provided for by law, shall be in the county where the offense was committed." Ill. Rev. Stat. 1951, ch. 38, par. 703.

The *Rogers* court thus was interpreting the speedy-trial statute when the legislature did not distinguish between venue and jurisdiction. (*People v. Goulet* (1977), 52 Ill. App. 3d 609, 611; see also *People v. Adams* (1921), 300 Ill. 20.) The *Rogers* court regarded the term "jurisdiction" in the speedy-trial statute as referring to the county where the crime occurred, thereby equating the concept of jurisdiction with that of venue.

Contrary to what existed when *Rogers* was handed down, the 1961 criminal code draws a sharp distinction between jurisdiction and venue. (See *People v. Goulet* (1977), 52 Ill. App. 3d 609.) Jurisdiction, the authority or power of a court to take cognizance of and adjudicate cases, is conferred by section 9 of article VI of the Constitution of Illinois, which provides that circuit courts have "original jurisdiction of all justiciable matters." (Ill. Const. 1970, art. VI, §9; *People v. Gilmore* (1976), 63 Ill. 2d 23.) Venue, or the place of trial, is fixed by section 1—6 of the Criminal Code, which provides that "[c]riminal actions shall be tried in the county where the offense was committed, except as otherwise provided by law." (Ill. Rev. Stat. 1961, ch. 38. par. 1—6(a).) It will be observed that this statute, unlike the provision applicable when *Rogers* was decided (Ill. Rev. Stat. 1951, ch. 38, par. 703), makes no mention of jurisdiction.

Unlike the statutes in effect when *Rogers* was decided, the current statutes draw a clear distinction between venue and jurisdiction. The committee comments to section 1—6(a) note that the place of trial is to be distinguished from State criminal jurisdiction. (Ill. Ann. Stat., ch. 38, par. 1—6, Committee Comments, at 23 (Smith-Hurd 1972).) Following the enactment of the

Criminal Code of 1961 this court expressly held that the place of trial is not jurisdictional. (*People v. Ondrey* (1976), 65 Ill. 2d 360.) Although a defendant unquestionably has a right to trial in the county where the offense is alleged to have been committed (Ill. Const. 1970, art. I, §8; Ill. Rev. Stat. 1961, ch. 38, par. 1—6(a)), examination of our statutory scheme shows that when, through error, an indictment was returned in Kane County the only consequence was that an indictment had been returned in a county that was not the proper place for trial. It did not mean that the circuit court of that county was without jurisdiction.

Though the language of the speedy-trial statute was retained, we agree with the defendant that when the General Assembly distinguished jurisdiction and venue in the 1961 criminal code, it intended this distinction to be effective throughout the code, including the speedy-trial statute. When construing a statute, courts must ascertain and give effect to the legislature's intent. (*Metropolitan Life Insurance Co. v. Washburn* (1986), 112 Ill. 2d 486, 492.) Typically the statutory language is the best indicator of legislative intent, and when that language is clear and unambiguous, courts will not read into the statute exceptions, limitations and conditions. *Certain Taxpayers v. Sheahen* (1970), 45 Ill. 2d 75; *Helland v. Larson* (1985), 138 Ill. App. 3d 1.

The language of the speedy-trial statute is susceptible to only one interpretation. It unambiguously states that an accused "shall be tried by the court having jurisdiction" (Ill. Rev. Stat. 1981, ch. 38, par. 103—5(a)); the statute contains nothing regarding venue or the place of trial. The circuit court of Kane County had acquired jurisdiction, though there was no proper venue.

The State argues that, even if the circuit court of Kane County did have jurisdiction of the alleged offense, the 120-day speedy-trial period did not begin to run until

the proceedings in Kane County ended and the defendant was in custody in Du Page County. It contends that a defendant subject to prosecution in different counties for different offenses is not considered in the custody of the second county until the proceedings in the first county are terminated. (*People v. Davis* (1983), 97 Ill. 2d 1.) Relying on *People v. Holloway* (1982), 92 Ill. 2d 381, the State contends that the Kane and Du Page County indictments charged the defendant with separate and distinct offenses and that, therefore, only when the proceedings in Kane County were nol-prossed and the defendant was held in custody in Du Page County did the speedy trial-period commence. The decisions that the State cites in support of this are distinguishable. In *People v. Davis* (1983), 97 Ill. 2d 1, this court considered the application of the 120-day rule when unrelated charges are pending against a defendant in different counties. The defendant in *Davis* was in custody in St. Clair County awaiting trial on a pending murder charge. Pursuant to a writ of *habeas corpus ad prosequendam*, he was brought to Madison County, where he was charged with a second murder, arising from an unrelated incident. This court upheld the denial of discharge in Madison County under the 120-day rule, concluding that the defendant was not considered to be in custody in Madison County until the St. Clair proceedings had been terminated. 97 Ill. 2d 1, 11.

The court in *Davis* emphasized that the charges pending against the defendant in the two counties were "unrelated." (97 Ill. 2d 1, 12, 13.) We would observe that both the decisions upon which the court in *Davis* relied, and the similar holdings after *Davis*, involved defendants with unrelated charges brought in different counties. See, *e.g., People v. Christiensen* (1984), 102 Ill. 2d 321; *People v. Swafford* (1984), 124 Ill. App. 3d 190; *People v. Hatch* (1982), 110 Ill. App. 3d 531.

We also reject the State's argument that in light of this court's decision in *People v. Holloway* (1982), 92 Ill. 2d 381, the Kane and Du Page County indictments must be considered to charge separate and distinct offenses. *Holloway* is distinguishable. There the defendant was charged with burglarizing a building in Kankakee. The building was divided into two areas: one occupied by the Kankakee County Housing Authority and one by the Head Start Day Care Center. The defendant was convicted of burglarizing the premises in the custody of the director of the Housing Authority. The appellate court reversed, holding that the director of the Housing Authority had no possessory interest in the burglarized portion of the building. Subsequently, the State filed a second indictment, which alleged that the defendant had burglarized the area of the building in the custody of the director of the Head Start Day Care Center. The defendant argued that the double jeopardy clause prohibited retrial for what he said was the same offense. This court rejected the defendant's argument that the two indictments charged the same offense, stating that the alleged burglary of premises occupied by one person is a separate and distinct offense from the alleged burglary of premises of a second person. 92 Ill. 2d at 387.

Here it is clear that the Kane and Du Page County indictments charge the defendant with the identical offense. The Du Page County indictment does not allege a separate offense but simply cures the venue defect in the Kane County indictment. To charge the defendant with the State's delay in ascertaining the county where the alleged offense was committed would circumvent the protection which the speedy-trial statute was designed to provide.

We last address the State's contention that the defendant is not entitled to discharge because the record shows that it was acts of the defendant that caused de-

lay of the trial beyond the 120-day period. Both the circuit and appellate courts rejected the defendant's claim that he was denied his right to a speedy trial on the ground that the speedy-trial statute did not begin to run until he was held in Du Page County. Whether any pretrial delays were attributable to the defendant was not considered, and the circuit court did not make any determination in this regard. Consequently, we remand for an evidentiary hearing to determine whether, as the State argues, the defendant's conduct was responsible for the trial's delay. *People v. Hundley* (1973), 13 Ill. App. 3d 935; see also *People v. Jordan* (1976), 44 Ill. App. 3d 101.

For the reasons stated, the judgments of the appellate court and circuit court are reversed, and the cause is remanded to the circuit court of Du Page County for proceedings consistent with the views expressed herein.

*Judgments reversed;*
*cause remanded.*

JUSTICE CUNNINGHAM took no part in the consideration or decision of this case.