THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
RICHARD MOONY, Defendant-Appellee.

Second District   No. 2—89—1328

Opinion filed November 27, 1990.

REINHARD, J., specially concurring.

Thomas F. Baker, State's Attorney, of Woodstock (Williams L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Richard C. Kelly, of Crystal Lake, for appellee.

JUSTICE WOODWARD delivered the opinion of the court:
The State appeals from an order of the circuit court of McHenry County rescinding the statutory summary suspension of the driver's license of the defendant, Richard Moony.
On October 23, 1989, the defendant was arrested and charged with

driving under the influence of alcohol. At that time, the defendant was given a warning to motorist with respect to the implied-consent law and, according to the officer's sworn report, submitted to chemical testing which disclosed an alcohol concentration above the legal limit of .10.

On November 1, 1989, the defendant filed a petition to rescind the statutory summary suspension of his driver's license which would take place on the 46th day following his arrest. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—501.1(g).) A hearing on the petition to rescind was scheduled for November 22, 1989. The defendant also caused a subpoena to issue to the arresting officer for the hearing.

On November 22, 1989, over the objection of the defendant, the State was given leave to amend the arresting officer's sworn report on its face; the hearing and the subpoena were continued on the motion of the defendant until December 6, 1989.

On December 6, 1989, the defendant answered ready for the hearing. The State also answered ready. Defense counsel then informed the trial court that the arresting officer was not present. The prosecutor informed the court that he spoke to the officer, who was ill. The officer also told him that he did not realize that the subpoena had been continued. In any event, due to his illness, he could not be present in court.

The trial court interpreted the prosecutor's comments as a request for the continuance. In response, the defense counsel indicated that defendant had been ready to proceed at the earlier hearing date until the State's motion to amend was granted and that the defendant was ready to proceed to hearing on the petition to rescind. The prosecutor offered to be placed under oath or file an affidavit from the officer or the officer's doctor. The trial court then stated as follows:

"The statute on this section does state that if the officer is subpoenaed and fails to appear, it shall be dismissed.

We try to be realistic about this and cover emergencies. However, a motion to continue is within the discretion of the court.

The statute does further provide how a motion to continue shall be presented, namely, in writing, supported by affidavit.

This is the second time the case has been before the court. The file does reflect the prior continuance was on defendant's motion. It was occasioned by the State's eleventh-hour amendment of the petition.

And there is a prevailing philosophy in the Motor Vehicle Code to avoid multiple court appearances.

So, on the failure of the officer to obey the subpoena and

without an adequate motion for continuance, I am going to grant the petition to rescind."

This appeal followed.

On appeal, the State contends that the trial court erred in granting the petition to rescind the summary suspension on the basis of the failure of the subpoenaed officer to appear at the hearing on the petition.

The relevant statutory language reads in pertinent part as follows:

"(b) Upon the notice of statutory summary suspension served under Section 11—501.1, the person may make a written request for a judicial hearing in the circuit court of venue. The request to the circuit court shall state the grounds upon which the person seeks to have the statutory summary suspension rescinded. Within 30 days after receipt of the written request or the first appearance date on the Uniform Traffic Ticket issued pursuant to a violation of Section 11—501, or a similar provision of a local ordinance, the hearing shall be conducted by the circuit court having jurisdiction. This judicial hearing, request or process shall not stay or delay the statutory summary suspension. *Such hearings shall proceed in the court in the same manner as in other civil proceedings.*

The hearing may be conducted upon a review of the law enforcement officer's own official reports; provided however, that the person may subpoena the officer. *Failure of the officer to answer the subpoena shall be considered by the court to be the same as the failure of a complaining witness to appear in any criminal proceeding.*" (Emphasis added.) Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1(b).

In granting the petition to rescind, the trial court relied on section 2—118.1(b). The trial court believed that the language, "[f]ailure of the officer to answer the subpoena shall be considered by the court to be the same as the failure of a complaining witness to appear in any criminal proceeding," required the court to grant the petition in the absence of the subpoenaed officer.

■■ We are of the opinion that section 2—118.1(b) does not require that the trial court grant the petition to rescind under such circumstances. Our supreme court case law states that the burden of proceeding with proof in statutory summary suspension proceedings is on the motorist and not on the State. (*People v. Orth* (1988), 124 Ill. 2d 326.) By filing his petition to rescind, the defendant assumed the burden of gaining rescission of his statutory suspension. He also subpoenaed the arresting officer. Consistent with his petition, the defendant sought a hearing on his summary suspension, but he did nothing further to as-

sume the burden of proceeding in the case. The defendant did answer "ready" for hearing, but did not present any evidence he had in addition to the officer's testimony, nor did he indicate that the officer's testimony was the only evidence he intended to present at the hearing. If the arresting officer failed to appear in answer to the subpoena, defendant could have sought a continuance or sought to have the officer held in contempt for failure to appear. Under these circumstances, the defendant was not entitled to a rescission of the summary suspension.

● 2 Nonetheless, we must comment that given the language of section 2—118.1(b), we understand the trial court's dilemma in this case. In one section, the statute requires that the proceeding on the petition to rescind be conducted "in the same manner as the other civil proceedings." Thus, the burden to proceed is placed upon the party seeking the relief, namely, the defendant. Yet, later in the statute, the language provided that the trial court shall consider the failure of the officer to answer a subpoena to be "the same as the failure of a complaining witness to appear in any criminal proceeding." The failure of a subpoenaed officer to appear at a summary suspension hearing would have the same effect as the failure of the complaining witness to appear in a criminal prosecution proceeding, *i.e.*, the State would "nol-pros" the case.

Thus, the two concepts, the defendant having the burden of going forward and the effect of the complaining witness not being present, are at odds with each other. The decision of this cause is dictated by the case law set forth by our supreme court. However, we urge the legislature to correct this conflict in the statute.

Since the defendant was not entitled to rescission of the summary suspension of his license at the time the court below granted the relief sought by the petition, the defendant remains entitled to a hearing and is entitled to such further steps as may be available to present his evidence. The cause is accordingly remanded to the trial court for further proceedings consistent with this opinion.

Remanded.

UNVERZAGT, P.J., concurs.

JUSTICE REINHARD, specially concurring:

defendant to appear at the hearing does not affect his obligation to go forward with his evidence. The majority's rationale effectively makes that portion of section 2—118.1(b) of the Illinois Vehicle Code at issue here meaningless, contrary to the rule of statutory interpretation that statutes should be construed so that no term is rendered meaningless. *Niven v. Siqueira* (1985), 109 Ill. 2d 357, 365.

The statute provides that "[f]ailure of the officer to answer the subpoena shall be considered by the court to be the same as the failure of a complaining witness to appear in any criminal proceeding." (Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1(b).) This language does not make it clear that if a subpoenaed officer is not present rescission will automatically be granted, nor does it make it clear whether the trial court has discretion to continue the hearing in such circumstances. Accordingly, this language is ambiguous.

When the language of a statute is susceptible to different interpretations, courts must ascertain and give effect to the legislature's intent (*People v. Goins* (1988), 119 Ill. 2d 259, 265; *Mack v. Seaman* (1983), 113 Ill. App. 3d 151, 154), and, where the language is ambiguous, it is proper to consider the legislative history (*People v. Boykin* (1983), 94 Ill. 2d 138, 141), including the debates on the floor of the General Assembly (*Morel v. Coronet Insurance Co.* (1987), 117 Ill. 2d 18, 24).

A review of the legislative debate shows that the legislative intent was to give the trial court discretion under these circumstances. When addressing the concern about the possible consequences of a subpoenaed arresting officer not appearing, Senator David Barkhausen, the senate sponsor, stated, "it is not the legislative intent of Section 2—118.1 of the bill to limit the circuit court's authority under those circumstances to grant a continuance." (84th Ill. Gen. Assem., Senate Proceedings, June 26, 1985, at 184.) Therefore, it appears that the legislative intent was to give the trial court discretion in these circumstances. While the legislature's choice of wording in the statute was unfortunately imprecise and should be clarified by the legislature as

The majority has determined that, because defendant bears the burden of proof in a proceeding seeking to rescind his statutory summary suspension, the failure of the arresting officer subpoenaed by

a continuance or *nolle prosequi*. Notwithstanding this line of cases, the legislation at issue appears designed to refer to a situation in a criminal case where the complaining witness' failure to appear results in a dismissal by the court and where the State does not move for a continuance or *nolle prosequi* and fails to present evidence. In a hearing on a petition for rescission of a statutory summary suspension, however, the burden is on the defendant, as the majority correctly states, and the witness defendant subpoenaed is a police officer over whom a defendant has no control. The options of *nolle prosequi* and continuance are not available or are unfavorable to the defendant under the circumstances. The failure of the subpoenaed police officer to appear actually prevents the defendant from using the procedures granted by the statute to meet his burden. Thus, the State's argument is without merit.

I believe the trial court has the discretion to grant a continuance when the subpoenaed officer fails to appear, rather than only to order a mandatory rescission of the statutory summary suspension. Thus, it must be determined here whether the trial court abused its discretion in denying the State's oral motion for a continuance, as argued alternatively by the State.

As the rescission proceedings are civil in nature, Illinois Supreme Court Rule 231(a) applies, and states, in pertinent part, as follows:

> "If either party applies for a continuance of a cause on account of the absence of material evidence, the motion shall be supported by the affidavit of the party so applying or his authorized agent. The affidavit shall show (1) that due diligence has been used to obtain the evidence, or the want of time to obtain it; (2) of what particular fact or facts the evidence consists; (3) if the evidence consists of the testimony of a witness, his place of residence ***; and (4) that if further time is given the evidence can be procured." (107 Ill. 2d R. 231(a).)

Although the assistant State's Attorney orally moved for a continuance and failed to provide an affidavit, denial of an oral motion lacking an affidavit can still be an abuse of discretion. *Jack v. Pugeda* (1989), 184 Ill. App. 3d 66, 76; *Rutzen v. Pertile* (1988), 172 Ill. App. 3d 968, 974. But see *Mann v. People* (1981), 98 Ill. App. 3d 448, 451 (holding that a trial court's denial of a motion for a continuance not accompanied by an affidavit cannot be regarded as an abuse of discretion).

In this case, the assistant State's Attorney informed the trial court that the officer, who was not the State's witness, was unaware that the subpoena had been continued and, in any case, was ill with a bronchial infection and would be unable to appear in court. Further, the

assistant State's Attorney offered to be placed under oath or file an affidavit from the officer or the officer's doctor. It also appears from the record that the assistant State's Attorney only learned of the officer's illness when he called the officer during an earlier recess on the December 6 proceedings. Under these circumstances, the assistant State's Attorney's oral statements substantially complied with Rule 231(a). Thus, the trial court abused its discretion by not granting a continuance. For these reasons, I would reverse the judgment of the circuit court and remand the cause for proceedings on defendant's petition for rescission of his statutory summary suspension.