THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARTIN BURKE, Defendant-Appellant.

First District (4th Division) No. 1—88—2530

Opinion filed October 10, 1991.

Ramsell & Associates, of Schaumburg (Donald J. Ramsell, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb, James E. Fitzgerald, and Shauna Boliker, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LINN delivered the opinion of the court:

Defendant Martin Burke appeals from an order of the trial court denying his petition to rescind a statutory suspension of his driving privileges. On appeal he contends that (1) the trial court failed to hold the statutory summary suspension hearing within 30 days of the request; (2) the trial court erred in continuing the summary suspension where the sworn report failed to establish that defendant was warned of his implied-consent rights; (3) the trial court erred in relying upon the testimony of the arresting officer in finding reasonable grounds to establish that defendant was driving under the influence of alcohol or drugs; and (4) the trial court erred by not rescinding the summary suspension where it was not based on a proper uniform traffic ticket as required by section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1).

On December 27, 1987, defendant was arrested and charged with driving "under the influence of alcohol and/or drugs." The sworn law enforcement report indicated that his driver's license was surrendered and his driver's privileges would be suspended effective February 11, 1988, due to his failure to submit to a chemical test.

On January 20, 1988, all parties appeared before the court, and the State requested a continuance because the arresting officer, Illinois State Trooper Kim Brooks, who had been subpoenaed to testify, was unable to attend due to an injury sustained on duty that day. The court continued the matter to January 29, 1988. At that time, the State told the court that the officer was still injured and requested a continuance. The court denied the State's motion, and the State agreed to proceed based upon the sworn report of the officer while the defendant relied upon his own testimony. The court then con-

cluded that (1) the summary suspension would be sustained; (2) defendant's request for rescission based upon the arresting officer's failure to appear would be denied; and (3) the summary suspension would be stayed pending appeal.

On February 16, 1988, defendant filed a motion to reconsider denial of the summary suspension or for a new hearing. On February 24, 1988, the court continued the post-hearing motions to April 14, 1988. At that time, the court granted defendant's motion to reconsider and set a new hearing on the petition to rescind the statutory summary suspension.

On May 4, 1988, the case was reassigned to a different judge at defendant's request and the hearing proceeded. The defense presented two witnesses: defendant and Jeff Hockensmith, the passenger in defendant's car at the time of the stop in this case.

Hockensmith was a long-time friend of defendant, and he stated that between 9:30 p.m. and about 1:15 a.m. defendant was at his house in Park Ridge, where they ate pizza but did not consume alcoholic beverages. About 1:15 a.m., they left and drove to the Beaumont Tavern, located at Armitage and Halsted in Chicago, where they met two other friends and drank about two or three glasses of beer until about 2:30 to 2:45 a.m. About 3 a.m. they left the tavern, and defendant began to drive him home on I-90. When he told defendant to exit at Cumberland Avenue, defendant quickly moved from the center lane to the right lane toward the exit. After defendant exited the expressway, the officer stopped defendant, requested defendant's driver's license and asked him to exit the car. Defendant asked her if she was arresting him, and she answered that she was for drunken driving. He opined that defendant was not under the influence of drugs or alcohol that night.

Defendant testified that between 1:15 a.m. and 2:45 a.m., he consumed about two or three eight-ounce glasses of beer. He denied consuming any drugs. He stated that when his friend told him to exit the expressway at Cumberland, he moved from the center lane to the right lane for about 50 feet before exiting onto Higgins Road. At that time, he noticed flashing lights behind him so he pulled over to the curb. When the officer approached his car, she requested his driver's license. He reached into the compartment between the two seats and handed it to her from his wallet. She then asked him to step out of his car, and he responded that on his attorney's advice he would not get out of the car unless he was under arrest. She again asked him the same question, and he asked her if he was under arrest. She then answered that he was under arrest for drunken driving. Defendant

denied that he was told why she wanted him to exit the vehicle before he was arrested. Defendant denied that he was ever requested or ever refused to take a breathalyzer test.

Officer Brooks testified that when she first saw defendant's car in the left lane on the expressway near the Lawrence Avenue exit in front of her, the vehicle was not staying in its left lane. She stated that it moved on and off the roadway and almost struck the median barrier. She then saw the car move into the middle lane, over to the right lane and back to the middle lane without signaling. Near the Harlem Avenue exit defendant's vehicle passed another car almost hitting it as it did so. When the car exited at Cumberland, she activated her emergency lights and siren. After her backup unit arrived 30 seconds later, she approached defendant's car to request defendant's driver's license.

When defendant opened his window, Officer Brooks was about 1½ feet away. She smelled a very strong odor of alcohol on his breath and observed that his eyes were very glassy. His speech was very slurred and she was not able to understand him easily. When she asked him to get out of the car so she could administer a field sobriety test, he refused. He asked her if he was going to be placed under arrest because his lawyer advised him not to step out of the car unless he was under arrest. She then explained to him that she was going to do a field sobriety test to determine if he was going to be arrested. When he refused, she told him he was going to be placed under arrest for drunken driving and to step out of the car. As defendant started to walk toward the police car, he used her car to balance himself. The officer told him to come back to the rear of his car, where she again told him that he was under arrest. She handcuffed him, searched him and placed him inside. She read him the statutory warnings to motorists and asked him if he would submit to a breathalyzer test. He refused all of the tests so she took him to the police station.

In issuing its ruling, the trial court observed that the obvious mistake as to the date that the test was refused in the law enforcement sworn report was a formal defect which was cured by the testimony of the officer. The ticket indicates that the test was refused at 4:22 a.m. on November 27, 1987, when the arrest was made on December 27, 1987. The court further concluded that although the ticket charged defendant with "driving while under the influence of alcohol and/or drugs," that does not in any way alleviate that the warning must be given to someone driving under the influence of alcohol. Again, the court concluded that the dual charge was a formal defect

which was cured by the testimony, which related solely to the consumption of alcohol. The court concluded that at the time the officer ordered defendant out of the car she had reasonable grounds to believe that he had been driving under the influence of alcohol.

■ Initially, defendant contends that the hearing on the petition to rescind the summary suspension was not held within 30 days of the date of filing the petition. The pertinent statutory provision is section 2—118.1(b) of the Illinois Vehicle Code, and it provides:

"Upon the notice of statutory summary suspension served under Section 11—501.1, the person may make a written request for a judicial hearing in the circuit court of venue. *** Within 30 days after receipt of the written request or the first appearance date on the Uniform Traffic Ticket issued pursuant to a violation of Section 11—501, or a similar provision of a local ordinance, the hearing shall be conducted by the circuit court having jurisdiction. This judicial hearing, request or process shall not stay or delay the statutory summary suspension." Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1(b).

The officer arrested defendant on December 27, 1987, for driving under the influence of alcohol and/or drugs. (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2).) The arresting officer immediately notified defendant that his court date was January 20, 1988, and his driving privileges would be suspended for a minimum of six months. The Illinois Secretary of State sent a confirmation of the suspension and specified that it would become effective on February 11, 1988, the forty-sixth day following his arrest. On December 30, 1987, defendant filed a petition requesting a hearing to rescind the statutory summary suspension of his driving privileges. (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1.) On January 20, 1988, both parties appeared in court, and the State requested a continuance because the arresting officer was injured and unable to be present. The court continued the matter to January 29, 1988. At that time, the State again requested a continuance due to the officer's inability to be present due to the same injury. The State's request was denied, and the State agreed to proceed based upon the sworn law enforcement report.

■ Clearly, the trial court held the hearing within the time frame set forth in section 11—501.1. The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Saturday or Sunday, then it shall also be excluded. (Ill. Rev. Stat. 1987, ch. 1, par. 1012.) In computing the time from December 30, 1987, to January 29, 1988, we have determined that the hearing was timely held as it took place on

the thirtieth day from receipt of the written request as defense counsel conceded. Furthermore, the hearing was also timely conducted after the first appearance date on the uniform traffic ticket, which was January 20, 1988.

 Next, defendant contends that the court should have rescinded the summary suspension based upon the arresting officer's failure to respond to a subpoena. In a summary suspension hearing, the burden is on the motorist to prove a *prima facie* case for rescission. (*People v. Orth* (1988), 124 Ill. 2d 326, 530 N.E.2d 210.) By filing his petition to rescind, defendant assumed the burden of gaining rescission of his statutory suspension. Defendant never subpoened the arresting officer in this case; however, defendant argues that he was denied his statutory rights. Consistent with his petition, defendant sought a hearing on his summary suspension but he did nothing further to assume the burden of proceeding in the case. If the arresting officer failed to appear in answer to his subpoena, defendant could have sought a continuance or sought to have the officer held in contempt for failure to appear (*People v. Moony* (1990), 206 Ill. App. 3d 422, 564 N.E.2d 192), which did not occur in the present case.

 Section 2—118.1(b) of the Illinois Vehicle Code makes clear that the State is permitted to use the arresting officer's sworn report to support the summary suspension of a defendant's driver's license provided that the arresting officer is not under subpoena of defendant to appear. (*People v. Clayton* (1990), 201 Ill. App. 3d 163, 559 N.E.2d 300.) Clearly, here, defendant did not subpoena the arresting officer, and the State was properly permitted to proceed on the officer's sworn report.

 Next, defendant contends that the trial court erred in continuing the summary suspension when the sworn report failed to establish that he was properly admonished of his implied-consent rights. Defendant contends that due to the fact that the sworn report indicated he had been given these rights on November 27 when the date of arrest was December 27, he was not requested to submit to chemical testing subsequent to his arrest as required by law.

In *People v. Badoud* (1988), 122 Ill. 2d 50, 521 N.E.2d 884, the officer's report was not verified as required by section 11—501.1(d) of the Illinois Vehicle Code. The court held that the State should be given an opportunity to verify the report by the arresting officer before holding a new hearing to which defendant is entitled. In *People v. Fint* (1989), 183 Ill. App. 3d 284, 538 N.E.2d 1348, the court followed the reasoning that the State should be given an opportunity to make a verified amendment if it can do so. In the case at bar, al-

though the State did not formally request to make a verified amendment, the State did present the officer to testify under oath. She stated that she requested defendant to exit the vehicle so that she could administer a field sobriety test. He refused, claiming that he would not step out of the car unless he was under arrest. She explained to him that she needed to do a field sobriety test to determine if he was going to be arrested. When he refused, she told him he was under arrest for driving under the influence. Clearly, the error as to the date as to when he was given his implied-consent rights was on December 27, 1987, the date he was arrested. Nothing at all in the testimony indicates that the November date was anything other than a scrivener's error.

Next, defendant contends that the evidence was insufficient to establish that the arresting officer had reasonable grounds to believe he was driving under the influence of alcohol. Defendant does not cite a single case in his brief to support his contention. Defendant merely argues that his own testimony and that of his witness demonstrate that defendant was not under the influence of alcohol, that his driving was not impaired by alcohol and that he was not weaving as he traveled upon the public highway. Additionally, he argues that the testimony of the arresting officer lacked credibility.

■■ ■ The summary suspension hearing is civil in nature and the party requesting relief bears the burden of proof. (*People v. Orth* (1988), 124 Ill. 2d 326, 530 N.E.2d 210.) The findings of the trier of fact with regard to whether this burden has been met will only be overturned where such findings are palpably against the manifest weight of the evidence. (*People v. Torres* (1987), 160 Ill. App. 3d 643, 513 N.E.2d 1142.) In the instant case, the arresting officer testified that defendant weaved in and out of lanes on the expressway, he failed to use his turn signals to change lanes, he smelled of a strong odor of alcohol, his eyes were glassy and his speech was slurred and difficult to understand. Conversely, defendant and his friend testified that between 1:15 a.m. and 2:45 a.m., he only consumed two to three eight-ounce glasses of beer at a tavern. It is within the province of the trier of fact to resolve disputed questions of fact and determine the credibility of the witnesses and the weight to be given their testimony. (*People v. Griffith* (1987), 153 Ill. App. 3d 856, 506 N.E.2d 430.) The trial court chose to disbelieve defendant's witnesses and believe the testimony of the arresting officer. We see no reason to disturb the finding of the trial court that defendant did not satisfy his burden of proving by a preponderance of the evidence that the arrest-

ing officer had reasonable grounds to believe that defendant was driving under the influence of alcohol.

Finally, defendant contends that the summary suspension should be rescinded because it was not based upon a proper uniform traffic ticket as required by section 11—501.1 of the Illinois Vehicle Code. Specifically, defendant contends that the State failed to amend the charge of "driving under the influence of alcohol and/or drugs."

Initially, we note that section 111—3(a) of the Code of Criminal Procedure of 1963 requires that a criminal charge be in writing, state the name of the offense, cite the statutory provision alleged to be violated, and set forth the nature and elements of the offense charged, the date and counts of the offense, and the name of the accused. (Ill. Rev. Stat. 1987, ch. 38, par. 111—3(a).) In the case at bar, defendant was named in a verified traffic complaint charging an offense which occurred about 3:27 a.m. on December 27, 1987, on I-90 between Lawrence and Cumberland in Cook County. This offense was designated as a violation of section 11—501(a) and was described as "driving while under the influence of alcohol and/or drugs."

■ Charges brought in a formal complaint, indictment or information have been distinguished from those made in a uniform traffic citation. As stated in *People v. Tammen* (1968), 40 Ill. 2d 76, 78-79, 237 N.E.2d 517:

"Inasmuch as the Uniform Traffic Ticket is only used for misdemeanors, is written by an arresting officer rather than a State's Attorney and is generally written at the time the offense is committed, we believe that naming the offense and citing it is sufficient and will generally be understood by the person charged. Under section 111—6 [citation] the accused may request a bill of particulars which will enable him 'to prepare his defense.' We hold that a conviction based on a Uniform Traffic Ticket naming an offense and citing the statutory provision, where there is no objection to the sufficiency of the ticket or request for a bill of particulars, will not be set aside for failure to comply with section 111—3(3)."

Furthermore, when the instrument did not offer any insight as to the specific charge made in a traffic citation, the court in *People v. Cummings* (1988), 176 Ill. App. 3d 293, 298, 530 N.E.2d 672, decided:

"Additionally, we find unpersuasive the defendant's contention that the charging instrument was confusing because it did not indicate whether he was being charged with driving a vehicle while intoxicated or with being in actual physical control of a vehicle while intoxicated. Traffic offenses need not be

charged with the specificity of indictments; naming the offense and citing the statute are generally sufficient. [Citation.] The complaint here was sufficient to charge the offense for which the defendant was convicted. For the above reasons, we conclude that the defendant was properly convicted of driving while under the influence of alcohol."

■■ In the case at bar, defendant was apprised of the charge against him such that he would be able to prepare his defense. When read in conjunction with the statutory provision cited, the ticket was clear that defendant was being charged with driving under the influence of alcohol, not drugs. If defendant was unsure of the charge, he could have filed a bill of particulars or requested a continuance to determine the charge against him. Thus, while the ticket was not a work of art or precision, we find it was clear on this record that the defendant knew of the charge against him and was able to prepare a defense for it, and the trial court was correct in not rescinding the statutory summary suspension.

Accordingly, the judgment of the circuit court of Cook County is affirmed. Since this is not an appeal from a conviction, the State's request for costs is denied. *People v. Brown* (1983), 98 Ill. 2d 374, 457 N.E.2d 6.

Affirmed.

JOHNSON and McMORROW, JJ., concur.