No. 5-95-0474WC

                                  IN THE

                APPELLATE COURT OF ILLINOIS

                              FIFTH DISTRICT

            INDUSTRIAL COMMISSION DIVISION

_________________________________________________________________

RALPH GILES,                        )  Appeal from the

                                    )  Circuit Court of

     Appellee,                      )  Williamson County.

                                    )

v.                                  )  No. 94-MR-95

                                    )

THE INDUSTRIAL COMMISSION et al.    )  Honorable

(Freeman United Coal Mining Co.,    )  Ronald Eckiss,

Appellant).                         )  Judge, presiding.

_________________________________________________________________

     JUSTICE COLWELL delivered the opinion of the court:

     Employer, Freeman United Coal Mining Co. (Freeman), appeals

the circuit court's reversal of the Industrial Commission's

determination that the claimant, Ralph Giles, is permanently

partially disabled to the extent of five percent of the man-as-a-

whole due to coal worker's pneumoconiosis (CWP).  Originally, on

the claimant's appeal, the circuit court remanded to the Commission

for reconsideration of the claimant's diminished earning capacity

in light of Zeigler Coal Co. and Monterey Coal Co. Zeigler Coal Co.

v. Industrial Comm'n, 237 Ill. App. 3d 213 (1992); Monterey Coal

Co. v. Industrial Comm'n, 241 Ill. App. 3d 386 (1992).  On remand,

the Commission reaffirmed its decision, with one commissioner dis-

senting.  The dissenting commissioner concluded that the claimant

was 100% permanently and totally disabled.  The circuit court

reversed the Commission and adopted the dissenting commissioner's

interpretation, finding the claimant 100% permanently and totally

disabled.

     Freeman brings two contentions on appeal: (1) the circuit

court erred in remanding to the Commission because it failed to

find that the original decision was against the manifest weight of

the evidence (and Freeman contends that even if this court

concludes such a finding was implied in the circuit court's remand

order, it was erroneous); and (2) the circuit court "exceeded its

authority" in reversing the Commission's reaffirmation of the five-

percent figure and in finding that the claimant is 100% permanently

and totally disabled.  

     Before we begin our analysis of the issues on appeal, however,

we first must resolve Freeman's motion to dismiss filed during the

pendency of this appeal.  The motion was made upon proof that the

claimant died in August 1995.  Freeman contends that no one

qualifies under the terms of section 8(h) of the Workers' Compensa-

tion Act to be substituted as a party.  820 ILCS 305/8(h) (West

1992).  We granted leave for the claimant's estate to respond to

the motion to dismiss and ordered the estate's motion to substitute

the decedent's administrator (his daughter, Jo Lynn Carter) taken

with the case.  

     As the employer points out, the claimant leaves only two known

heirs, Carter and a son, Michael Giles.  Both are above the age of

majority, and no suggestion is made that either was in any manner

dependent on the claimant at the time of his death.  Consequently,

the question is presented as to whether section 8(h), when read in

conjunction with section 7(g) (820 ILCS 305/7(g) (West 1992)),

allows only dependent children to succeed to the claimant's

benefits.  Thus, we are asked to determine what portion, if any, of

the award is owed to the decedent's estate.    

     As the administrator notes in her response to the employer's

motion to dismiss, our supreme court found that benefits accrued

prior to a claimant's death are assets of the estate, as any other

debt.  Republic Steel Corp. v. Industrial Comm'n, 26 Ill. 2d 32

(1962).  However, subsequent to that case, the legislature amended

the Workers' Compensation Act to provide that both accrued and

unaccrued benefits are to be paid in accordance with the provisions

of section 7(g) of the Act.  820 ILCS 305/8(h), 7(g) (West 1992). 

Section 8(h) provides:

     "In case death occurs from any cause before the total

     compensation to which the employee would have been

     entitled has been paid, then in case the employee leaves

     any widow, widower, child, parent (or any grandchild,

     grandparent or other lineal heir or any collateral heir

     dependent at the time of the [injury] upon the earnings

     of the employee to the extent of 50% or more of total

     dependency) such compensation shall be paid to the

     beneficiaries of the deceased employee and distributed as

     provided in paragraph (g) of Section 7."  820 ILCS

     305/8(h) (West 1992).

Section 7(g) provides for payment to be made in installments.

     The claimant's administrator argues that section 8(h) is

inapplicable because all of the amount awarded had accrued and

therefore was "vested" before the claimant's death.  However, we

note that by its plain language, section 8(h) is applicable any

time that a portion of the award remains to be paid.  Thus we turn

to the second part of the claimant's argument, that because the

legislature does not define the term "child" in section 8(h) as a

minor or dependent, we should find that even adult children, such

as the administrator and her brother, are entitled to collect the

awarded benefits.  The employer argues that we should construe the

term child in section 8(h) as it is defined in section 7, which

states that only dependent children are entitled to collect

deceased claimants' awards.  820 ILCS 305/7, 8(h) (West 1992).  

     The primary goal of statutory interpretation is to ascertain

and give effect to the intent of the legislature.  Kraft, Inc. v.

Edgar, 138 Ill. 2d 178, 189 (1990).  Although the language that the

legislature actually used is our starting point in divining this

intent, the words must receive a sensible construction "even though

such construction qualifies the universality of its language."  In

re Illinois Bell Switching Station Litigation, 161 Ill. 2d 233, 246

(1994).  The statute should be evaluated as a whole, with each

provision being construed in connection with every other section. 

Bonaguro v. County Officers Electoral Board, 158 Ill. 2d 391, 397

(1994).  A court should avoid a construction which renders part of

the statute superfluous or meaningless.  Bonaguro, 158 Ill. 2d at

397.  Specific language controls over more general language (People

v. Singleton, 103 Ill. 2d 339, 345 (1984)), and the enumeration of

one thing in a statute implies the exclusion of all others.  Baker

v. Miller, 159 Ill. 2d 249, 260 (1994).  In ascertaining the intent

of the legislature, a court may consider the reason and necessity

of the law, the evils to be remedied, and the objects to be

obtained.  State Farm Fire & Casualty Co. v. Yapejian, 152 Ill. 2d

533, 541 (1992).  All portions of the Workers' Compensation Act

must be read as a whole and in such a manner as to give them the

practical and liberal interpretation intended by the legislature. 

Vaught v. Industrial Comm'n, 52 Ill. 2d 158, 165 (1972).

     Applying these principles to this case, we find that the

legislature did in fact require in section 7 that a person

qualified to succeed to a deceased claimant's benefits in the

capacity of "child" be a dependent.  As section 8(h) expressly

requires that it be construed according to the provisions of

section 7, and because we are required to read the statute as a

whole, we must find that the legislature intended that dependent

children succeed to both accrued and unaccrued benefits, but awards

to claimants leaving no dependents are abated at the claimant's

death.  Thus, we find that the legislature in effect overruled

Republic Steel to the extent that it provides that accrued benefits

are de facto a part of the deceased claimant's estate.  In fact, in

Republic Steel, the administrator was allowed to succeed to the

benefits expressly for the benefit of the decedent's dependents. 

Republic Steel is silent as to whether the accrued benefits would

have been considered a part of the decedent's estate if he had left

no dependents.  Republic Steel, 26 Ill. 2d 32.

     This is in accord with the remaining provisions of section 7,

which provide death benefits only to dependents.  We find that it

would be illogical for the legislature to have provided that only

dependents of employees who die as a result of a work-related

accident may make a claim for death benefits, but that nondependent

heirs of employees who die of unrelated causes may collect an

accrued award.  Thus, we find that the legislature intended that

only dependents may collect awarded benefits upon the death of the

claimant.  Awards made to claimants who die without dependents are

abated.

     Thus, we need not address the merits of the instant appeal, as

we have determined that no party is entitled to be substituted as

a party in this case.

     For the foregoing reasons, the appeal is dismissed as moot. 

     Appellee's motion to substitute denied; appellant's motion to

dismiss appeal granted; appeal dismissed.

     McCULLOUGH, P.J., and RAKOWSKI and HOLDRIDGE, JJ., concur.

     JUSTICE RARICK, dissenting:

     I respectfully dissent from the majority's attempt to amend

the Workers' Compensation Act to correct a perceived oversight by

our legislature.  After applying various rules of statutory

construction, the majority concludes that nondependent children,

and presumably parents, cannot succeed to a claimant's benefits

under section 8(h).  The majority bases this conclusion on the fact

that "section 8(h) expressly requires that it be construed

according to the provisions of section 7 ***" and that it would be

"illogical" for the legislature to have provided that only

dependents of employees who die as a result of a work-related

accident may make a claim for death benefits, but that nondependent

heirs of an employee who dies of unrelated causes may collect an

accrued award.

     As the majority notes, the cardinal rule of statutory

construction, to which all other rules are subordinate, is to

ascertain and give effect to the true intent and meaning of the

legislature.  Kraft, Inc. v. Edgar, 138 Ill. 2d 178, 189, 561

N.E.2d 656, 661 (1990).  Legislative intent is best evidenced by

the language used by the legislature, and where the language is

clear and unambiguous, a court is not at liberty to depart from the

plain language and meaning of the statute by reading into it

exceptions, limitations, or conditions that the legislature did not

express.  People v. Goins, 119 Ill. 2d 259, 265, 518 N.E.2d 1014,

1016 (1988).  Where the language is clear, the court should give

effect to it and not look to extrinsic aids for construction. 

Bogseth v. Emanuel, 166 Ill. 2d 507, 655 N.E.2d 888 (1995).  

     Section 8(h) provides:

     "In case death occurs from any cause before the total

     compensation to which the employee would have been

     entitled has been paid, then in case the employee leaves

     any widow, widower, child, parent (or any grandchild,

     grandparent or other lineal heir or any collateral heir

     dependent at the time of the [injury] upon the earnings

     of the employee to the extent of 50% or more of total

     dependency) such compensation shall be paid to the

     beneficiaries of the deceased employee and distributed as

     provided in paragraph (g) of Section 7."  820 ILCS

     305/8(h) (West 1992).

Section 7(g) provides for the manner of payment.  Contrary to the

majority's assertion, section 8(h) does not require that it be

construed according to section 7 as a whole, it merely adopts the

manner of payment provided for in section 7(g), nothing more.

     The language of section 8(h) is clear and unambiguous.  There

is no language precluding an adult nondependent child from

receiving the compensation to which the employee would have been

entitled.  I would deny the employer's motion to dismiss and allow

decedent's administrator to be substituted.

                                      ATTACH A FRONT SHEET TO EACH CASE

___________________________________________________________________________

                                NO. 5-95-0474WC

                                     IN THE

                          APPELLATE COURT OF ILLINOIS

                                 FIFTH DISTRICT

                         INDUSTRIAL COMMISSION DIVISION

___________________________________________________________________________

RALPH GILES,                        )  Appeal from the

                                    )  Circuit Court of

     Appellee,                      )  Williamson County.

                                    )

v.                                  )  No. 94-MR-95

                                    )

THE INDUSTRIAL COMMISSION et al.    )  Honorable

(Freeman United Coal Mining Co.,    )  Ronald Eckiss,

Appellant).                         )  Judge, presiding.

___________________________________________________________________________

Opinion Filed:                  October 4, 1996

___________________________________________________________________________

Justices:      Honorable Michael J. Colwell, J.

                         

               Honorable John T. McCullough, P.J., 

               Honorable Thomas R. Rakowski, J., and

               Honorable William E. Holdridge, J.,

               Concur

               Honorable Philip J. Rarick, J.,

               Dissents

___________________________________________________________________________

                         

Attorney       Kenneth F. Werts, Craig & Craig, 227½ South 9th Street, P.O.

for            Box 1545, Mt. Vernon, IL 62864

Appellant      

___________________________________________________________________________

Attorney       Harold B. Culley, Jr., Culley & Wissore, Raleigh Road, P.O.

for            Box 217, Raleigh, IL 62977

Appellee       

___________________________________________________________________________