THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. LONG V. TRAN, Defendant-Appellee.

Second District    No. 2—00—0081

Opinion filed April 4, 2001.

Joseph E. Birkett, State's Attorney, of Wheaton (Margaret M. Healy, Assistant State's Attorney, and Martin P. Moltz and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Robert F. Stringini, of Law Offices of Robert F. Stringini, Ltd., of Addison, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

The State appeals the circuit court's order granting the motion of defendant, Long V. Tran, to rescind the statutory summary suspension of his driver's license. The State argues that the failure of a police officer to respond to defendant's subpoena should not have resulted in an automatic rescission.

Defendant was arrested and charged with driving under the influence of alcohol (625 ILCS 5/11—501(a)(2) (West 1998)). The Secretary of State informed defendant that his driver's license would be suspended beginning on the forty-sixth day following his arrest. Defendant filed a petition to rescind the statutory summary suspension. In connection with the petition, defendant subpoenaed Officers Wilson and Hattabaugh of the Wheaton police department. In its brief, the State identifies Wilson as the "arresting officer" and Hattabaugh as the "assisting officer."

When the case was called on October 27, 1999, Wilson apparently was present, but Hattabaugh was not. The trial court rescinded the summary suspension, stating in its written order that "witnesses did not respond to subpoenas." The State filed a motion to reconsider, which the court denied. We granted the State's motion to file a late notice of appeal.

The State contends that the court erred by rescinding the summary suspension merely because one officer failed to respond to a subpoena. The State argues that a defendant has the burden of proof on a petition to rescind a summary suspension and that the court rescinded the suspension without holding defendant to his burden. According to the State, the proper remedy would have been for the court to grant a continuance or to exercise its contempt power if the officer failed to answer the subpoena.

Initially, we note that defendant has not filed a brief in this court. However, we will consider the merits of the appeal under the standard set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

In *People v. Moony*, 206 Ill. App. 3d 422 (1990), this court held that the trial court was not authorized to rescind a statutory summary suspension merely because the arresting officer failed to respond to a subpoena. We observed that defendant bore the burden of proof and that defendant had not actually presented any evidence to support his petition. *Moony*, 206 Ill. App. 3d at 424-25, citing *People v. Orth*, 124 Ill. 2d 326, 337-38 (1988). We noted that, if an officer failed to respond

to a subpoena, defendant could move for a continuance or ask the court to hold the officer in contempt of court. *Moony*, 206 Ill. App. 3d at 425. The *Moony* majority observed that the then extant version of the controlling statute appeared to give conflicting directions about the manner of proceeding when a witness failed to answer a subpoena. *Moony*, 206 Ill. App. 3d at 425, citing Ill. Rev. Stat. 1989, ch. 95½, par. 2—118.1(b).

In a special concurrence Justice Reinhard, after considering the legislative history of section 2—118.1, concluded that it gave the court discretion to determine the appropriate remedy. *Moony*, 206 Ill. App. 3d at 426 (Reinhard, J., specially concurring). Justice Reinhard noted that the petitioner in a statutory summary suspension proceeding is in a unique position because he has the burden of proof but the subpoenaed officer is presumptively in the control of the State. *Moony*, 206 Ill. App. 3d at 427 (Reinhard, J., specially concurring).

Since *Moony* was decided, the legislature has amended section 2—118.1, which now provides as follows:

> "Failure of the officer to answer the subpoena shall be considered grounds for a continuance if in the court's discretion the continuance is appropriate." 625 ILCS 5/2—118.1(b) (West 1998).

The statutory amendment reinforces the conclusion that a continuance is the appropriate remedy where a subpoenaed officer fails to appear.

We acknowledge the concern inherent in the *Moony* special concurrence and in the trial court's remarks here, that an unscrupulous prosecutor could effectively defeat a defendant's right to a rescission hearing by discouraging an officer from responding to a subpoena. It is possible to imagine a scenario in which the State's conduct was sufficiently egregious that automatic rescission would be an appropriate sanction. We are confident that such abuses will be extremely rare, and such is certainly not the case here. There is absolutely no indication that Officer Hattabaugh wilfully avoided the subpoena or that the prosecutor encouraged him to do so.

At a minimum, for rescission to be appropriate, a defendant would have to show that he was unable to present his case without the officer's testimony. Defendant has not made such a showing.

According to the State, the arresting officer was present for the hearing. (Although it is not clear from the record that Wilson made the arrest, he signed the complaint, traffic tickets, and other documents.) Defendant was present and could have testified. Assuming that Hattabaugh merely assisted Wilson, it is unclear what more he could have added to defendant's case. Defendant never told the trial court what information he intended to elicit from Hattabaugh. Under

the circumstances, there was no basis to grant an automatic rescission. The court should have required defendant to present a case with Wilson's testimony and that of any other witnesses he had. If defendant truly needed Hattabaugh's testimony, the court could have granted a continuance to obtain it.

The judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

HUTCHINSON, P.J., and McLAREN, J., concur.