No. 2--01--1210                    

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of McHenry County.

)

Plaintiff-Appellant, )

) No. 01--TR--38345

v. )

)

DARREN L. RIBAR, ) Honorable

) Gerald M. Zopp, Jr.,

Defendant-Appellee. ) Judge, Presiding.

________________________________________________________________

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

Defendant, Darren L. Ribar, was arrested and charged with driving under the influence of alcohol (625 ILCS 5/11--501(a)(2) (West 2000)).  Defendant was given notice that his driving privileges would be summarily suspended under section 11--501.1 of the Illinois Vehicle Code (the Code) (625 ILCS 5/11--501.1 (West 2000)).  Thereafter, he petitioned the court to rescind the summary suspension.  Ultimately, the trial court granted the petition, ruling that defendant had not received a hearing within 30 days of the petition's filing, as required by section 2--118.1(b) of the Code (625 ILCS 5/2--118.1(b) (West 2000)).  The State appeals, arguing that the court erred in calculating the 30-day period for the hearing.  We reverse.  

The relevant facts are as follows.  Defendant was arrested and given his notice of the statutory summary suspension on August 24, 2001.  On August 29, 2001, defendant filed his petition to rescind the statutory summary suspension.  The trial court continued the hearing twice because the Secretary of State had not yet filed a confirmation of the statutory summary suspension.  The confirmation was finally filed on September 24, 2001.  On September 28, 2001, defendant's hearing was held.  At the hearing, defendant moved to dismiss the summary suspension, claiming the hearing was untimely.  The court granted defendant's motion and the State now timely appeals.

The sole issue on appeal is how to compute the 30-day period in which a hearing on a petition to rescind a summary suspension of driving privileges must be held.  See 625 ILCS 5/2--118.1(b) (West 2000).  This presents a question of law, which we review 
de
 
novo
.  
People v. Chapman
, 194 Ill. 2d 186, 217 (2000). 

The State argues that the 30-day period 
should be calculated under the guidelines of section 1.11 of the Statute on Statutes (the Statute) (5 ILCS 70/1.11 (West 2000)).  
According to that section, "[t]he time within which any act provided by law is to be done shall be computed by excluding the first day and including the last."  5 ILCS 70/1.11 (West 2000)
.  Excluding the first day, the day the petition was filed, the defendant's hearing would have  timely occurred on the thirtieth day.  

Defendant, on the other hand, argues 
that
 the first day must be included when calculating the time frame.  Defendant relies on  
People v. Schaefer
, 154 Ill. 2d 250, 259 (1993), 
in which the  court determined that the 30-day period commences with the filing of the petition.  Including the first day, the defendant's hearing would have been untimely.   

We agree with the State.  Although section 1.11 of the Statute does not explicitly say that it governs how to calculate
 the 30-day time period in which a summary suspension rescission hearing must be held, we find that it is implicit.  Section 1.11 of the Statute is a general time-computation statute that applies to "any act provided by law." 
  5 ILCS 70/1.11 (West 2000)
.  A defendant's right to a hearing on his petition to rescind a statutory summary suspension within 30 days is an act provided by law. See 
625 ILCS 5/2--118.1(b) (West 2000))
.  Therefore, it follows that the time period during which a summary suspension rescission hearing must be held falls under the guidelines of section 1.11 of the Statute.  See 
People v. Burke
, 220 Ill. App. 3d 839, 844 (1991) (applying  section 1.11 of the Statute to 
the summary suspension rescission hearing time period).   

Applying the time-computation guidelines of section 1.11 of the Statute
 is not inconsistent with the holding in 
Schaefer
, upon which the defendant relies.  The 
Schaefer
 court did not specifically address the computation of the 30-day time period. 
 Rather, as noted above, the 
Schaefer
 court simply held that the 30-day time period begins when a defendant files a petition to rescind a summary suspension.  See 
Schaefer
, 154 Ill. 2d at 259. 
 
As with any other time period governed by section 1.11 of the Statute
, an event will always trigger the time period to begin, but the calculation of the time period
, including whether to count the first and last days and how to treat weekends and holidays, is to be determined according to the guidelines
 of section 1.11 
of the Statute
.  See 5 ILCS 70/1.11 (West 2000)
.
  Accordingly, we conclude that the trial court erred by granting defendant's petition to rescind the statutory summary suspension.

For the foregoing reasons, we reverse the judgment of the circuit court of McHenry County and remand
 the cause for further proceedings.

Reversed and remanded.

BOWMAN and O'MALLEY, JJ., concur.